347 So.2d 1092 (1977)
KUSTER ENTERPRISES, INC., a Florida Corporation, Petitioner,
v.
STATE of Florida DEPARTMENT OF TRANSPORTATION, Respondent.
No. FF-83.
District Court of Appeal of Florida, First District.
July 15, 1977.
Carlos Alvarez, Mahoney, Hadlow & Adams, Jacksonville, for petitioner.
George L. Waas, H. Reynolds Sampson, Gen. Counsel, State Dept. of Transportation, Tallahassee, for respondent.
PER CURIAM.
Kuster files its petition for review from an order of DOT refusing Kuster's rule making petition which would have permitted the hauling of 14 feet wide prefabricated pools. The order of denial stated generally that with the single exception of boats, the Department's position had been consistent throughout the years limiting permits for overweight loads to a maximum of twelve feet. DOT in its brief also admitted that it had recently adopted an emergency rule allowing permit applications for the hauling of mobile modular homes, the width of which is from twelve feet to fourteen feet. Fla. Admin. Code Rule 14ER77.
Kuster argues that DOT's allowance of fourteen feet wide boats and mobile homes on Florida highways and its denial of such permits to manufacturers of prefabricated swimming pools of similar size is a denial of equal protection of the laws. DOT, however, asserts a rational basis for its permitting practices.
This court cannot adjudicate Kuster's claim in the absence of certain facts not addressed by DOT's order. These facts should include but not necessarily be limited to a resolution of the following questions: What significant distinctions are present in the dimensions of fourteen feet wide boats and mobile homes which are permitted upon the highways which are not present in the width dimensions of fourteen feet prefabricated swimming pools? What *1093 additional burdens would be placed upon Florida highways by issuing a permit such as requested by Kuster?
We therefore remand under authority of Section 120.68(6), Florida Statutes (Supp. 1976), for a fact finding proceeding of these disputed facts. DOT shall then enter an order setting forth separate findings of fact and conclusions of law as required by Section 120.59, Florida Statutes (1975).
BOYER, Acting C.J., and MILLS and ERVIN, JJ., concur.