ZEHMER, Judge.
In September 1981, appellants, Best Western Tivoli Inn and Simms Enterprises, Inc., applied to appellee, the Florida Department of Transportation (DOT), to receive permits for billboards located within one mile of the intersection of Interstate 10 and State Road 79 in Holmes County. Section 479.11, Florida Statutes (1981), generally prohibits billboards within the area in which appellants’ billboards are located; however, since the area in question is zoned commercial by Holmes County, appellants relied upon the statutory exception for billboards located within commercially zoned areas.[1] DOT, finding that the Holmes County commercial zoning was “created primarily to permit outdoor advertising structures,” denied the permits to appellants on the authority of rule 14-10.-05(6), Florida Administrative Code, which reads as follows:
State and local zoning actions must be taken pursuant to the state’s zoning enabling Statute or Constitutional authority and in accordance therewith. Action which is not a part of comprehensive zoning and is created primarily to permit outdoor advertising structures is not recognized as zoning for outdoor advertising control purposes and permits will not be issued for signs in those areas.
Appellants requested a section 120.57 administrative hearing to review the denial of their permits. At the hearing held on June 2, 1982, two issues were argued:
1. Does DOT have the authority to review and determine whether a validly adopted commercial zoning ordinance is sufficient to establish an exception to the general prohibition of signs along interstate highways?
2. If DOT has this authority, does the Holmes County zoning ordinance in question meet the requirements for an exception to the general sign prohibition?
At the hearing, Best Western and Simms took the position that rule 14-10.05(6) establishes a standard whereby DOT can only refuse to recognize local commercial zoning if such zoning is not a part of “comprehensive zoning” and such zoning is “created primarily to permit outdoor advertising structures.” They argued that the local zoning met the first part of this two-part test because the zoning ordinance was validly adopted by Holmes County pursuant to its comprehensive plan. Relying strictly upon their allegation that the commercial zoning met the first part of this test, nei *1054 ther Best Western nor Simms presented evidence regarding whether the zoning was “created primarily to permit outdoor advertising structures.”
DOT introduced a substantial amount of testimony in an attempt to show that the commercial zoning was created primarily to permit outdoor advertising.[2] It took the legal position that rule 14-10.05(6) was intended to mean that zoning created primarily to permit outdoor advertising would not qualify as an exception pursuant to section 479.111, Florida Statutes, even if it was validly adopted as a part of comprehensive zoning.
The hearing officer issued a recommended order specifically finding that the zoning ordinance was validly adopted as a part of comprehensive zoning, thus satisfying the first part of the test in rule 14-10.-05(6). He then concluded that a plain reading of the rule indicated a two-part test whereby commercial zoning validly adopted as a part of comprehensive zoning would qualify for the statutory exception in section 479.111, even though created primarily to permit outdoor advertising. Without making a specific finding as to whether the zoning was created primarily to permit outdoor advertising, the hearing officer recommended that the licenses be issued.
Upon review of the recommended order, DOT accepted in full the hearing officer’s findings of fact, thereby accepting his finding that the zoning was validly adopted as a part of comprehensive zoning; but it rejected his conclusions of law, choosing instead to construe rule 14-10.05(6) as establishing an “either/or” test, i.e., if zoning is either not a part of comprehensive zoning or is created primarily to permit outdoor advertising, then it will not qualify as a valid exception to the general prohibition against signs. DOT then made its own finding that the evidence in the record proved that Holmes County's zoning ordinance was created primarily to permit outdoor advertising, and for this reason, it did not qualify as an exception pursuant to section 479.111. Accordingly, the permits were denied.
Best Western and Simms appealed DOT’s decision, and on July 13, 1983, this court reversed the decision and remanded for DOT to make further findings of fact and conclusions of law to support its decision. Best Western Tivoli Inn v. Department of Transportation, 435 So.2d 321 (Fla. 1st DCA 1983). We specifically rejected DOT’s interpretation of its rule as being an “either/or” rule because such an interpretation would impermissibly give DOT authority to review the validity of zoning action even if such action was not created primarily to permit outdoor advertising.
Upon remand, DOT entered a new final order in which it again accepted the hearing officer's findings of fact but rejected his interpretation of rule 14-10.05(6) and, accordingly, denied the permits. DOT did not attempt to construe its rule as meaning “either/or”; rather, it “refined and clarified” its policy by stating that “action which is a part of comprehensive zoning, but which is taken primarily to permit outdoor advertising structures, will not be recognized by the Department for outdoor advertising control purposes.”
Best Western and Simms have now appealed this new final order, arguing that DOT has misconstrued the meaning of its rule. They argue that the clear meaning and intent of the statute and rule is to provide a valid exception to the prohibition against billboards if the commercial zoning is validly adopted as a part of comprehensive zoning, whether or not it is primarily intended to permit outdoor advertising. On the other hand, DOT argues that its interpretation of the rule is clearly in accordance with the intent of state and feder *1055 al law regarding outdoor advertising signs along interstate highways and, accordingly, should be upheld by this court.
As we stated in our previous opinion in this case, 435 So.2d at 323:
We are prepared to defer to any permissible interpretation an agency may place upon statutes in its charge, or upon its rules, though other interpretations may arguably be preferable. Dept. of Health and Rehabilitative Services v. Framat Realty, Inc., 407 So.2d 238, 241 (Fla. 1st DCA 1981); Dept. of Administration v. Nelson, 424 So.2d 852, 858 (Fla. 1st DCA 1982).
In our previous opinion, we did not accept as permissible the department’s interpretation that its rule should be read in the disjunctive as creating two alternative tests. We do, however, accept the Department’s interpretation given in its corrected final order, which states that “action which is a part of comprehensive zoning, but which is taken primarily to permit outdoor advertising structures, will not be recognized by the Department for outdoor advertising control purposes.” We feel that DOT has amply supported its interpretation with citations to appropriate federal and state legislative history and case law from other states interpreting similar provisions. 111 Cong.Rec. 26863 (1965); 114 Cong.Rec. 23700 (1968); 40 Fed.Reg. 42843 (1975); 23 C.F.R. § 750.708(b) and (d); Rule 14-10.-05(6), F.A.C.; South Dakota v. Volpe, 353 F.Supp. 335 (D.S.D.1973); Alper v. State, 96 Nev. 925, 621 P.2d 492 (1980).
Although we accept DOT’s interpretation of its rule, we also recognize that this interpretation arguably conflicts with the plain, facial meaning of the rule. Best Western and Simms relied upon the plain meaning of the rule in presenting their case and, therefore, did not present evidence as to the second part of the test once they proved the first part. The hearing officer agreed with Best Western and Simms as to the plain meaning of the rule and did not make a finding of fact as to the second part of the test (whether the zoning was created primarily to permit advertising). Since DOT adopted an interpretation that significantly deviated from a plain reading of the rule and then proceeded to make a finding of fact consistent with that interpretation, despite the fact that such issue was not addressed by Best Western and Simms and was not decided by the hearing officer, fundamental concepts of due process require that Best Western and Simms be given the opportunity to participate in a fact finding proceeding conducted in light of DOT’s new interpretation of its rule and that the hearing officer have the opportunity to make a finding of fact as to whether the commercial zoning was created primarily to permit outdoor advertising.[3]
*1056 We reverse DOT’s corrected final order and, pursuant to our authority under section 120.68(6), Florida Statutes,[4] remand for a fact finding proceeding to determine whether the commercial zoning at issue was “created primarily to permit outdoor advertising structures.”
REVERSED and REMANDED.
WENTWORTH, J., and PEARSON, TILLMAN (Ret.), Associated Judge, concur.

. Section 479.111, Florida Statutes (1981), which reads in part as follows:
Only the following signs shall be permitted within controlled positions of the interstate and federal-aid primary systems:

(2) Signs in commercial and industrial zoned or commercial and industrial unzoned areas subject to agreement established by s. 479.02.

. We note that all of the evidence presented by DOT regarding whether the zoning was created primarily to permit outdoor advertising was by way of expert testimony indicating deficiencies in Holmes County's act of zoning the area in question commercial. Evidence of the Board of County Commissioner’s intent in enacting the commercial zoning ordinance may be more properly proved by other methods.

. This court’s decision in Manatee County v. Florida Public Employee Relations Commission, 387 So.2d 446 (Fla. 1st DCA 1980), is analagous to the instant case. In that case, the Manatee County Municipal Employees, Local 1584, AFSCME (union), filed a petition with PERC for certification as exclusive collective bargaining agent for a group of county employees excluding CETA employees. Manatee County specifically acquiesced in the exclusion of CETA employees, and an administrative hearing was held at which neither the union nor the county put on evidence to justify exclusion of the CETA employees. The hearing officer issued a report and then PERC issued a proposed order in which it held that CETA employees must be included in the union notwithstanding the agreement of the parties. The county petitioned PERC for a further fact finding hearing at which it could present evidence as to why CETA employees were excluded by the union, hut this petition was denied.
On appeal, this court reversed and remanded, holding that the administrative proceedings were fatally defective because PERC rejected the agreement of the parties without providing them an opportunity to present additional evidence on the stipulated matter. Although technically agreeing with PERC’s argument that the parties were not actually prevented from putting on evidence at the original hearing, the court stated that "such a narrow review in this case would require us to overlook factors which to us have an important bearing upon the fairness and integrity of the decision-making process followed here.” Id., at 449. Although the court did not hold that the evidence was insufficient to support PERC’s finding that CETA employees should be included in the union, it did state that the evidence was insufficient to support PERC’s rejection of the stipulation "particularly in the absence of any explanation for doing so that is rooted in the language, intent, or *1056 policies expressed in chapter 447, part II, Florida Statutes." Id., at 452. Finally, the court held that "any party prejudiced by [rejection of a stipulation] should be given a reasonable opportunity to present the evidence or arguments it would have presented in the absence of such stipulation." Id., at 453.
We also take note of the Third District Court’s language in Venetian Shores Home & Property Owners v. Ruzakawski, 336 So.2d 399, 401 (Fla. 3d DCA 1976):
We believe the entire tenor of the provisions of the Administrative Procedure Act having to do with the functions of a Hearing Examiner leads to the inescapable conclusion that the action of the agency, after a full hearing, is in the nature of a procedural review. Extensive provisions are made for remand or correction where the hearing is not complete or in accordance with the rules of due process, but there is no provision which suggests that the agency should make a new judgment upon the evidence.

. Kuster Enterprises, Inc. v. Dept. of Transportation, 347 So.2d 1092 (Fla. 1st DCA 1977); Postal Colony Co., Inc. v. Askew, 348 So.2d 338, 339 (Fla. 1st DCA 1977); Garrido v. Dept. of Health and Rehabilitative Services, 386 So.2d 811 (Fla. 1st DCA 1980); Florida Dept. of Transportation v. J.W.C. Co., Inc., 396 So.2d 778, 785 (Fla. 1st DCA 1981).