PER CURIAM.
We reverse the order of respondents which fined the petitioner $20,000.00 and ordered certain other actions pertaining to purchasers of lots in a subdivision because, upon being served with a rule to show cause, the petitioner put in issue, by an immediate written response, the question of whether or not the subdivision was exempt from regulation, therefore it was entitled to a formal hearing.[1] Best Western Tivoli Inn v. Department of Transportation, 448 So.2d 1052 (Fla. 1st DCA 1984); Garrido v. State, Department of Health and Rehabilitative Services, 386 So.2d 811 (Fla. 1st DCA 1980); Kuster Enterprises, Inc. v. State Department of Transportation, 347 So.2d 1092 (Fla. 1st DCA 1977); Section 120.68(6) Florida Statutes (1983).
Reversed and remanded for a hearing.

. The petitioner was entitled to a hearing prior to the entry of the final order entered some 312 days after receipt of the written response from the petitioner. The final order also failed to contain necessary findings of fact to support the penal assessment and, in all probability, the failure to render the order within 90 days was prejudicial.