ARBY ALPER & RUTH ALPER, UNITED OUTDOOR ADVERTISING COMPANY, A CALIFORNIA CORPORATION; E. T. LEGG AND COMPANY; CAR DISPLAYS, INC.; JAMES VAN DER MEER, SUSAN ANN PINJUV, AMY THOMPSON AND MALENDA VAN DER MEER, TRUSTEES FOR THE VAN DER MEER GRANDCHILDREN; YOUNG ELECTRIC SIGN COMPANY; EMIL MILLER; AND DORINDA MORGAN, APPELLANTS, v. THE STATE OF NEVADA, ON RELATION OF ITS DEPARTMENT OF HIGHWAYS, RESPONDENT.

No. 11039

December 29, 1980                    621 P.2d 492

George Rudiak, Las Vegas, for Appellants.

*Richard H. Bryan,* Attorney General, and *Richard E. Thornley,* Deputy Attorney General, Carson City, for Respondent.

## OPINION ON REHEARING

*Per Curiam:*

This is an appeal from entry of partial summary judgement.[1] In Alper v. State ex rel. Dep't of Hwys., 95 Nev. 876, 603 P.2d 1085 (1979), we reversed and remanded to the district court with instructions to grant appellants' cross-motion for summary judgment. Rehearing was granted pursuant to NRAP 40(c)(2).

---

[1]The case was certified for appeal pursuant to NRCP 54(b).

Appellants are billboard owners in Clark County. Respondent sought removal of the billboards pursuant to the federal Highway Beautification Act (23 U.S.C. § 131) and the Nevada Outdoor Advertising Act (NRS 410.220 *et seq.*). Under both the federal and state acts, billboards adjacent to primary highways must be controlled. Commercial or industrial zones are exempt from the acts. The billboards at issue here are on land zoned H–2 by Clark County authorities.

In granting summary judgment to respondent, the district court found that the H–2 area was not commercial or industrial within the meaning of the Nevada act.[2] The H–2 zoning ordinance includes multiple dwellings and apartments, as well as numerous specified commercial activities. Approximately five percent of the H–2 area has been actually developed. About two and one-half percent is used for commercial activities, and the other two and one-half percent is residential. The balance of the H–2 area, approximately ninety five percent, is undeveloped desert land. Thus, the issue here is whether the billboard properties should be considered commercial or industrial merely because of the wording of the H–2 zoning ordinance, when the properties are in fact used for other purposes.

The original opinion in this case determined that the H–2 area was commercial or industrial. That determination was based upon the wording of the zoning ordinance. Rehearing was granted for consideration of 23 C.F.R. 750.708(d), and its application to this case. That regulation reads as follows:

A zone in which limited commercial or industrial activities are permitted as an incident to other primary land uses is not considered to be a commercial or industrial zone for outdoor advertising control purposes.

We must now determine whether the regulation should be interpreted to refer to land uses actually permitted by zoning authorities, regardless of the wording of the zoning ordinance, or whether the regulation refers only to the zoning ordinance itself. Respondent contends that actual land uses must be considered, and that Clark County actually permits commercial businesses only as an incident to residential and open space land uses. Appellants contend that the actual land uses are

[2]The district court failed to make a judicial determination as to whether the area was commercial or industrial within the meaning of the federal act. It is clear, however, that the Nevada and federal acts should be interpreted and applied consistently. *See* NRS 410.220(2); 410.410(2).

irrelevant, and that we need only look to the face of the zoning ordinance.[3]

In determining the appropriate interpretation, it must be noted that both the Nevada and federal acts contain specific statements of legislative intent and legislative purposes. Where the purpose of legislation is expressly stated within the legislation, that purpose is a factor to be considered by the courts in interpreting a statute. Sheriff v. Smith, 91 Nev. 729, 542 P.2d 440 (1975). Statutes should be interpreted, so far as practicable, to carry out the purposes of the legislation and to effectuate the benefits intended to be obtained. School Trustees v. Bray, 60 Nev. 345, 109 P.2d 274 (1941).

The purposes of the federal Highway Beautification Act are specifically set forth in 23 U.S.C. 131(a). Those purposes are: (1) to protect the public investment in interstate highways; (2) to promote safety and recreational value of public travel; and (3) to preserve natural beauty.

Courts have attempted to construe the federal act consistent with Congress' intent. *See, e.g.,* State of S.D. v. Adams, 587 F.2d 915 (8th Cir. 1978), *cert. denied,* 441 U.S. 961 (1979); E.B. Elliott Adv. Co. v. Metropolitan Dade County, 425 F.2d 1141 (5th Cir. 1970), *cert. dismissed,* 400 U.S. 805 (1970); South Dakota v. Volpe, 353 F.Supp. 335 (D.S.D. 1973).[4]

Regarding Nevada law, a specific declaration of legislative intent appears in NRS 410.220(1)(b). The legislative purposes are:

---

[3]Appellants also argue that adoption of 23 C.F.R. 750.708(d) was beyond the authority of the federal Department of Transportation because the regulation conflicts with 23 U.S.C. § 131(d). Appellants contend that this court is not bound by the regulation. We disagree. While each state has authority under 23 U.S.C. § 131(d) to zone areas for commercial or industrial uses, the actions of a state are not without limitation. A state's zoning must be consistent with the purposes and intent of Congress, and must protect travelers from billboards in noncommercial areas. *See* South Dakota v. Volpe, 353 F.Supp. 335 (D.S.D. 1973).

23 C.F.R. 750.708(d) appears to be consistent with the federal statute and Congress' intent regarding commercial or industrial zoning. The regulation has the force of law, *see* California Comm'n v. United States, 355 U.S. 534 (1958), and Nevada courts are bound thereby.

[4]In South Dakota v. Volpe, *supra,* the court upheld a determination by the Secretary of Transportation that South Dakota was not in compliance with the federal act. The court held that South Dakota's zoning legislation was not consistent with the purposes of the act because, among other reasons, travelers were subjected to billboards in the midst of an area obviously noncommercial.

(1) To prevent unreasonable distraction of operators of motor vehicles, confusion with regard to traffic lights, signs or signals and other interference with the effectiveness of traffic regulations;

(2) To promote the safety, convenience and enjoyment of travel on the state highways in this state;

(3) To attract tourists and promote the prosperity, economic well-being and general welfare of the state;

(4) For the protection of the public investment in the state highways; and

(5) To preserve and enhance the natural scenic beauty and aesthetic features of the highways and adjacent areas.

Other courts have attempted to construe similar state highway beautification laws consistent with legislative intent. *See, e.g.,* Yarbrough v. Arkansas State Highway Com'n., 539 S.W.2d 419 (Ark. 1976); Mississippi State Highway Com'n. v. Roberts Ent., Inc., 304 So.2d 637 (Miss. 1974); David v. Whitaker, 358 A.2d 404 (N.H. 1976); Markham Advertising Company v. State, 439 P.2d 248 (Wash. 1968), *appeal dismissed,* 393 U.S. 316 (1969).

In the present case it appears that many of the billboards are located in areas which are zoned commercial or industrial, but which in fact are remote, unpopulated and unindustrialized. In interpreting the federal regulation, it would be contrary to the intent of both Congress and the state legislature for this court to look solely to the words of the zoning ordinance in deciding whether the area is commercial or industrial for purposes of highway beautification.

Furthermore, the construction adopted by those officials entrusted with the adminstration of highway beautification statutes and regulations is of persuasive force. State of Vermont v. Brinegar, 379 F.Supp. 606 (D. Vt. 1974); Metromedia, Inc. v. City of San Diego, 592 P.2d 728 (Cal. 1979); *see* School Trustees v. Bray, 60 Nev. 345, 109 P.2d 274 (1941).

In the present case the Nevada Department of Transportation (formerly Department of Highways) is charged with enforcement of state highway beautification legislation. NRS 410.045; 410.330; 410.400(1). The state Department of Transportation is urging an interpretation of highway beautification legislation under which the actual land uses in an area of highway frontage should be examined to determine if commercial or industrial zoning is consistent with federal and state law.

In addition to the state agency's position on the interpretation of 23 C.F.R. 750.708(d), it appears that the federal

agency also believes the land in question is not commercial or industrial for highway beautification purposes. In support of respondent's motion for summary judgment below, the affidavit of Albert E. Stone was submitted. Stone was a division administrator of the Federal Highway Administration, Department of Transportation, and was the federal employee responsible for Nevada's compliance with federal highway beautification statutes and regulations.[5] Stone's affidavit stated that "it is the position of the Department of Transportation" that the billboards in question are not within the commercial or industrial exceptions of 23 U.S.C. § 131(d) and the applicable C.F.R. regulations.

Thus, it would appear that both the state and federal agencies responsible for highway beautification have adopted an interpretation of federal regulations which require an analysis of more than merely the face of the zoning ordinance.

We must also consider the effect or consequences of proposed interpretations. School Trustees v. Bray, *supra.* An unreasonable result produced by one interpretation is reason for rejecting it in favor of another interpretation which would produce a reasonable result. Sheriff v. Smith, 91 Nev. 729, 542 P.2d 440 (1975). Under these rules of construction, federal and state highway beautification laws should be interpreted so that billboards are removed from areas of natural scenic beauty, billboard owners are compensated, and Nevada retains its full share of federal highway funds.

We conclude that the federal and state highway beautification laws, including 23 C.F.R. 750.708(d), should be interpreted broadly. An inquiry into the status of billboard areas is not limited to a review of the face of a zoning ordinance. The inquiry should include reference to actual and contemplated land uses. If an undeveloped desert area is zoned for commercial or industrial activities, but no actual development is planned or contemplated for the near future, the area is not exempt from highway beautification laws. Billboards within such an area are subject to removal. However, billboards within areas zoned for and actually used or contemplated for commercial purposes are exempt from removal.

The district court found that the entire H-2 area was not commercial for highway beautification purposes. Therefore,

---

[5]Stone is now the Director of the Nevada Department of Transportation.

the district court's decision was too broad, and summary judgment should not have been granted. A determination should have been made as to the status of the area on which each billboard is located.[6]

The judgment is reversed. This cause is remanded to the district court for proceedings consistent with this opinion.

[6]There are twenty-three billboards in question.