**PIROS SIGNS, INC.,**
**Plaintiff-Appellant,**

v.

**MISSOURI HIGHWAY AND TRANS-**
**PORTATION COMMISSION,**
**Defendant-Respondent.**

No. 49806.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 25, 1986.

Motion for Rehearing and/or Transfer
Denied April 1, 1986.
Application to Transfer Denied
May 13, 1986.

Richard Bumb, McAvoy & Bumb, P.C., Fenton, for appellant.

Bruce A. Ring, Chief Counsel, Michael J. Kuster, Asst. Counsel, Jefferson City, for respondent.

CARL R. GAERTNER, Presiding Judge.

Piros Signs, Inc. appeals from a judgment upholding the determination by the Missouri Highway and Transportation Commission that an outdoor advertising sign Piros erected was, under provisions of the Missouri Billboard Act, an unlawful "sign structure" subject to removal without compensation. We affirm.

The Missouri Billboard Act, § 226.500–226.600, RSMo.1978, regulates "the erection and maintenance of outdoor advertising in areas adjacent to the interstate and primary highway systems." § 226.500. A "thing designed, intended, or used to advertise or inform" is "outdoor advertising" within the act's purview if any part of its "advertising or information contents ... is visible from any point of the traveled ways of the interstate or primary system." § 226.510(3). The act permits outdoor advertising within 660 feet of the right-of-way of any interstate or primary highway in areas zoned industrial, commercial and the like, provided the advertising structure meets the act's lighting, size, and spacing requirements. § 226.540. At issue in this case is the applicability of the act's spacing requirements to Piros's sign.

Piros's sign is a wall painting. It is visible from the main traveled way of Interstate 44 and stands within 660 feet of the right-of-way in an industrial zone. It is located within 500 feet of and on the same side of the highway as a sign that predates it. Piros does not dispute the sign is outdoor advertising within the act's purview. Rather, Piros argues the sign is not a "sign structure" and claims it is therefore exempt from the act's provision that after March 30, 1972 "[n]o *sign structure* shall be ... erected within 500 feet of an existing sign on the same side of the highway." § 226.540(3)(a)a, (emphasis added). We disagree.

The Billboard Act is Missouri's response to a federal requirement that outdoor advertising within 660 feet of an interstate or primary highway's right-of-way be effectively controlled. 23 U.S.C. § 131, et seq.; *National Advertising Company v. State Highway Commission*, 549 S.W.2d 536, 538 (Mo.App.1977). The penalty for failure to meet the federal requirement is forfeiture of 10% of the state's federal highway appropriation. 23 U.S.C. § 131(b). "Effective control" entails the restriction of signs near the highway and visible from it to signs that give directions or official information. 23 U.S.C. § 131(c); *State of South Dakota v. Adams*, 587 F.2d 915, 917 n. 3 (8th Circ.1978). Outdoor advertising in industrial and commercial areas is exempt from this restriction, however, so long as it conforms to lighting, size and spacing standards agreed upon by the state and the secretary of transportation. 23 U.S.C. § 131(d). The Billboard Act incorporates, and the Missouri Highway and Transportation Commission enforces, the aforemen-

tioned standards to promote convenience and enjoyment of highway travel, to preserve the natural scenic beauty of highways and adjacent areas, and to ensure Missouri receives 100% of her federal highway appropriation. § 226.500; *National Advertising Co. v. State Highway Commission, supra.*

Piros contends that because the wall upon which its sign is printed was erected prior to March 30, 1972, its sign does not fall within the prohibition of the Billboard Act. Conceding its sign is a "sign", a "sign on a structure," or an "outdoor advertising sign," Piros nevertheless asseverates that it is not a "sign structure." Despite its protestations to the contrary, we find this argument to be semantical nitpicking.

The wall is obviously a structure. Imposition of the painted sign upon the wall causes it to be sign structure. For purposes of the Billboard Act, "erect" has been defined as meaning "to construct, build, raise, assemble, place, affix, attach, create, paint, draw, or in any other way bring into being or establish." 7 C.S.R. 10—6.010(3)(E). Accordingly, despite the fact that the wall existed prior to March 30, 1973, the sign structure came into being and was therefore "erected" subsequent to that date.

The very narrow interpretation of the statutory language urged upon us by Piros is contrary to the legislative intent to regulate the spacing of advertising signs in proximity to and visible from highways. Should the placing of signs upon existing structures be exempt from the statutory restrictions, the express purposes of the act would be frustrated. One such purpose, to prevent the loss of federal funds, would be in jeopardy. "The court must construe a statute in light of the purposes the legislature intended to accomplish and the evils it intended to cure." *Osage Outdoor Advertising Company v. Missouri Highway and Transportation Commission,* 680 S.W.2d 164, 169 (Mo.App.1984).

The judgment is affirmed.

SMITH and REINHARD, JJ., concur.