**GANNETT OUTDOOR COMPANY OF KANSAS CITY, d/b/a Gannett Outdoor Company of St. Louis, Appellant,**

v.

**MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION and National Advertising Company, Respondents.**

**No. WD 37489.**

Missouri Court of Appeals,
Western District.

May 27, 1986.

Robert C. Jones, Clayton, for appellant.

Michael J. Kuster, Jefferson City, for respondents.

Before CLARK, C.J., and NUGENT and GAITAN, JJ.

GAITAN, Judge.

This case involves the review of a notice of defendant-respondent, Missouri Highway and Transportation Commission (hereinafter referred to as the "Commission") ordering the removal of an illegal billboard sign owned by the plaintiff-appellant, Gannett Outdoor Company of Kansas City, d/b/a Gannett Outdoor Company of St. Louis (hereinafter referred to as "Gannett"). The Circuit Court of Cole County held that Gannett's sign was erected in violation of § 226.540(3) RSMo 1978. Gannett appeals the decision of the trial court alleging the respondent-intervenor National Advertising Company's (hereinafter referred to as "National") sign was a temporary sign and therefore not a sign within the meaning of § 226.540(3). Gannett also alleges it possessed a lease and a city permit prior in time to the erection of National's sign giving it a superior right under § 226.540(3). The judgment of the trial court is affirmed.

The facts surrounding this dispute have been stipulated to by the parties and may be summarized in the following manner. On May 31, 1983, National erected a structure (hereinafter 002) which was observed by a permit inspector for the Commission on June 23, 1983. On that date sign 002 displayed the legend "Space Available 314–421–1095 National 3M." Gannett commenced erection of its sign (hereinafter 002A) on July 13 or 14, 1983. Gannett claims it entered into lease agreements for the premises on which 002A is located on

November 13, 1973 and subsequent leases thereafter; the last of which expires January 5, 1992. The city of Berkely issued a permit to Gannett to erect a sign. The outdoor advertising panels were affixed by Gannett on or about August 15, 1983. On August 24, 1983, National commenced further construction to erect their monopole and completed it on August 30, 1983. Outdoor advertising message panels were affixed to the monopole structure in October, 1983.

According to the information in the agreed upon stipulation of facts, both structures, Gannett's 002A and National's 002, were subject to the spacing provisions of § 226.540(3). The chronology of events was not disputed. As previously stated, the issues before this Court on appeal are two-fold: Was National's sign 002 an outdoor advertising sign according to § 226.-510(3) thus placing Gannett's sign 002A in violation of § 226.540(3); and what impact, if any, does appellant's lease reserving land for a sign location have on the application of §§ 226.500 to 226.600 (also referred to as the billboard law) and 7 C.S.R. 10–6.010 —10–6.090?

It is clear from the stipulated facts that Gannett erected its sign (002A) subsequent in time to that of National's sign (002) and further, it is stipulated that sign 002A is within 500 feet of sign 002. Gannett's primary contention seems to be that National's erection of sign 002 on May 31, 1983 was temporary in nature or a so-called "marker sign" and therefore, § 226.540(3) should apply against National and not Gannett. Gannett's logic finds no support in facts or law.

Appellant review of this case is governed by *Laclede Gas Co. v. Labor & Industrial Relations Commission*, 657 S.W.2d 644, 648 (Mo.App.1983). "On these appeals from the judgment of the circuit court, this court reviews the decision of the Commission and not that of the circuit court.... Determinations by the Commission of questions of law are not binding on the reviewing court; ... Because the facts are undisputed, the question this court must decide is ... whether the Commission properly applied the law to the facts before them."

In the case at bar, the facts are not disputed therefore this court must decide if the Commission erroneously declared and applied the law.

■ This Court must construe a statute in the light of the purposes the legislature intended to accomplish and the evils it intended to cure. *Osage Outdoor Advertising, Inc. v. Missouri Highway and Transportation Commission*, 680 S.W.2d 164 (Mo.App.1984). The billboard law was intended to reduce the number of signboards crowding the highways.

■ The first consideration is whether or not National's sign is an outdoor advertising sign as defined by § 226.510(3) which states in pertinent part:

"(3) 'Outdoor advertising,' an outdoor sign, display ... message, ... or other thing designed, intended or used to advertise or inform, any party of the advertising or information contents of which is visible from any point of the traveled ways of the interstate or primary system."

It is clear from the legislature's choice of words in § 226.510(3) that National's sign falls within this broad statutory language. Sign 002 was a display used to inform or advertise and it was visible from any point of traveled ways when it displayed "Space available 314–421–1095 National 3M." It is stipulated that all the provisions, except the 500 foot space provisions of § 226.-540(3) have been complied with by both Gannett and National. Therefore, since National's sign 002 *is* a sign within the meaning of § 226.510(3) and since it was erected before Gannett's sign 002A; Gannett is in violation of the spacing provision of § 226.540(3).

The rationale for the Commission's, as well as the trial court's, decision may be found in its findings of fact and conclusions of law. That decision is supported by the facts and must stand. There is no reference in either the statutory scheme or regulatory scheme for temporary signs. § 226.510(3); 7 C.S.R. 10–6.015(19). Gannett cites no authority for its proposition that National's sign is a temporary or marker sign because none exist.

Gannett's second assertion that his prior reservation of a right to erect a sign without actual placement of a sign is without merit. For a sign to have legal consequence in accordance with § 226.500 —§ 226.600, it must have been in existence and erected on the land. *State ex rel., National Advertising Company v. State Highway and Transportation Commission,* 703 S.W.2d 514 (Mo.App.1985). Gannett cites *Kansas City Power & Light Company v. Riss,* 319 S.W.2d 262 (Mo.App. 1959), as authority for its position, but this case is distinguishable from the case at bar. In that case, appellant challenged the rights of the power company to use its easement which it had occupied openly and notoriously for over 30 years. Not only had the power company purchased the land, but it had erected its poles and utilized its easements for the world to see. Here, Gannett's acquisition of a reservation was not open to the world or National nor was there an erection of a sign. The only act by Gannett which could preserve its rights under §§ 226.500—226.600 would have been the erection of a sign prior to that of National. Gannett's argument on this point must fail.

For the aforesaid reasons, the decision of the trial court is affirmed.