WASHOE BROADCASTING COMPANY, Appellant, *v.* EDWARD D. NEUHOFF and CHARLES E. CORD, Co-Executors of the Estate of E. L. CORD, aka ERRETT LOBBAN CORD, Deceased, Respondents.

No. 16818

October 13, 1986                    726 P.2d 338

*Belding & Harris,* and *Gloria M. Petroni,* Reno, for Appellant.

*Bradley & Drendel,* Reno, for Respondents.

_____

## OPINION

*Per Curiam:*

After making an unsuccessful offer to purchase the KCRL-TV station from respondents, the executors of the estate of E. L. Cord, appellant Washoe Broadcasting Company petitioned the district court pursuant to NRS 148.090, for an order requiring the sale of the estate's interest in the station to it. The district court denied the petition, concluding that appellant lacked standing to file a petition under NRS 148.090. This appeal followed.[1] For the reasons set forth below, we conclude that the district court correctly found that appellant lacked standing to file the petition, and that this appeal is frivolous.

NRS 148.090 provides in part:

> If the executor or administrator neglects or refuses to sell any property of the estate when it is necessary or when it is for the advantage, benefit and *best interests of the estate and those interested therein . . . any person interested* may petition the court for an order requiring the executor or administrator to sell. (Emphasis added.)

The district court concluded that only a person with an actual interest in the estate has standing to petition for a sale under NRS 148.090, and that appellant lacked standing because it was not an "heir, devisee, legatee, creditor or in any other manner an interested party in the [e]state." The district court concluded that appellant was instead a "stranger" to the estate, and in fact was an "adverse party" who was trying to force a sale of an estate asset on its own terms.

Appellant contends that this decision was incorrect, because the district court defined the term "person interested," as used in

---

[1]We note that appellant's current counsel did not represent it in the proceedings below, but were instead substituted in as counsel on appeal.

NRS 148.090, too narrowly. Appellant argues that because the legislature did not specify in NRS 148.090 that a "person interested" had to have an actual interest in the estate, it was not required to demonstrate such an interest, and was instead only required to demonstrate that the sale was in the best interests of the estate.[2] In this regard, appellant asks us to compare the language used in NRS 148.070, which specifically limits those who may file an objection to the confirmation of the sale of an estate asset to those "person[s] interested *in the estate.*" (Emphasis added.) Appellant surmises that the clear intent of the legislature in omitting the term "in the estate" from NRS 148.090, was to permit an entity such as itself, which has no direct legal interest in the estate, to file a petition to compel a sale of the asset, if it would be in the best interest of the estate to sell the asset.

Appellant's proposed interpretation of NRS 148.090 is not only unreasonable and clearly inconsistent with the purpose behind the statute, but it also conflicts with the clear language of the statute when read as a whole, as well as with existing legal authority on the subject. First, when the statute is read as a whole, it becomes clear that NRS 148.090 contemplates that only those persons with an actual interest in the estate have standing to petition the court for an order requiring a sale. As set forth above, the statute initially states that when a sale is for the "advantage, benefit and best interests of the estate and those interested therein . . . any person interested may petition the court" for a such sale. Read as a whole, it is apparent that the term "any person interested" relates back to the preceding portion of the sentence referring to the "best interests of the estate and *those interested therein.*" (Emphasis added.)

Further, we note that it would be unreasonable to construe the statute to permit persons with no legal interest in the estate to petition for a sale. As the district court in this matter correctly noted, to conclude otherwise "would remove the processing of estates under Nevada law from the executor [who acts] for the benefit of the legatees and beneficiaries, and place it in the hands of the court on the motion of any stranger to the proceedings seeking its own advantage." This court will not construe a statute in such a manner as to produce a clearly unreasonable and

---

[2]Appellant contends that it would be in the best interest of the estate to sell the television station to appellant primarily because the co-executors of the estate allegedly are not managing the estate in an economically sound manner, and because one of the co-executors allegedly has a conflict of interest with regard to the station. Because we conclude that appellant lacks standing to petition for a sale in any event, we need not address this issue.

unwarranted result. *See generally* Alper v. State ex rel. Dep't Hwys, 96 Nev. 925, 621 P.2d 492 (1980).

We also note that precedent in this court clearly establishes that when the legislature uses the term "person interested" in connection with an estate proceeding, it refers to a person with a *legal* interest in the estate, such as a legatee, beneficiary, creditor, or a person who has performed services for the estate, or a person with a contractual interest in an estate asset. For example, in Balaban v. Bank of Nevada, 86 Nev. 862, 477 P.2d 860 (1970), this court concluded that a person who had merely been an unsuccessful bidder in the sale of an estate asset was not a "person interested" in the estate for purposes of having standing to file an objection to the confirmation of the sale of an estate asset pursuant to NRS 148.070. Furthermore, other courts, interpreting statutes similar to NRS 148.090, which permit a "person interested" to file a petition for the sale of an estate asset, have concluded that their statutes only permit persons with a legal interest in the estate to file a petition to compel the sale of an estate asset. *See, e.g.,* In re Scholes' Estate, 301 P.2d 172 (Wash. 1956); *see also* 3 Bancroft's Probate Practice, § 542 (2d ed. 1950); 24 Cal.Jur. *Decedents' Estates,* § 525 (3d ed. 1975) (discussing an identical provision in the California Probate Code, § 758).

Finally, we note that appellant has failed to cite any authority whatsoever for the proposition that a person who has no legal interest in an estate may file a petition for the sale of an estate asset. In fact, all of the cases cited by appellant involve situations in which a petition for sale was filed by a party with an actual legal interest in the estate. *See, e.g.,* Helgesson v. Estate of Frank, 521 P.2d 16 (Or.Ct.App. 1974) (person seeking to compel sale of estate asset had a pre-existing contractual right to purchase the property, having already entered into an earnest money agreement for its purchase); *see also* Bartsas Realty, Inc. v. Leverton, 82 Nev. 6, 409 P.2d 627 (1966) (broker who claimed entitlement to commission for sale of an estate asset had standing to object to confirmation of sale of the asset).

Accordingly, even the precedent cited by appellant establishes that appellant had absolutely no interest in the estate and no standing to file a petition under NRS 148.090 to compel the sale of an estate asset. In essence, appellant presented no authority in support of its position that it had standing to file such a petition, either in the district court or in this court. We therefore conclude that both the proceedings below and the proceedings on appeal are frivolous in nature. Further, we believe that the filing of such

a frivolous suit in an estate case such as this is particularly egregious and worthy of our comment, because such a suit improperly and unjustifiably ties up an estate indefinitely, and prevents the timely distribution of the estate to those who clearly are interested in the estate. Further, we note that frivolous suits such as this are a waste of judicial resources, both at the trial court and the appellate court level, and are therefore a waste of our tax dollars.

This court has previously warned counsel in this state by written notice that we are concerned with frivolous appeals which are often taken with dilatory purposes in mind, and that we will in the future sanction counsel for their participation in the processing of such frivolous suits. Here, however, appellant filed its suit before we issued our warning, and we also note that the respondents in this matter failed to request sanctions either in writing or at the oral argument of this appeal despite the opportunity to do so. Therefore, we have determined not to impose sanctions in this matter despite the obviously frivolous nature of this suit, but we do take this opportunity to reaffirm our position regarding the processing of frivolous court actions and appeals. We again warn counsel that this court shall in the future impose sanctions against litigants or their counsel for the filing of frivolous appeals, and we encourage the district courts of this state to similarly seek to prevent the filing of frivolous actions at the trial court level by imposing sanctions against litigants and/or their counsel for the filing of such actions.[3]

Affirmed.

GUNDERSON, A. C. J., STEFFEN, J., ROBISON and McGEE, D. J., concur.

---

[3]CHIEF JUSTICE MOWBRAY, VICE-CHIEF JUSTICE SPRINGER, and JUSTICE YOUNG all voluntarily disqualified themselves from participation in this case. The Governor designated the Honorable Norman C. Robison, Judge of the Ninth Judicial District Court, to sit in place of CHIEF JUSTICE MOWBRAY, and the Honorable Charles M. McGee, Judge of the Second Judicial District Court, to sit in place of JUSTICE YOUNG. *See* Nev. Const., art. 6, § 4.