James M. REDPATH, Mayo H. Redpath, Jill Lynn Noland, Pamela Jane Metzger, Marilyn Helen Redpath, and James Todd Redpath, Respondents,

v.

MISSOURI HIGHWAY AND TRANS-PORTATION COMMISSION, Appellant,

No. WD 56224.

Missouri Court of Appeals, Western District.

Nov. 9, 1999.

Motion for Transfer to Supreme Court Denied Feb. 29, 2000.

Application for Transfer Denied April 25, 2000.

Bryce D. Gamblin, Jefferson City, for appellant.

Steven E. Mauer, Kansas City, for respondent.

Before BRECKENRIDGE, C.J., P.J., ULRICH, J. and HOWARD, J.

ULRICH, Judge.

The Missouri Highway and Transportation Commission (Commission) appeals the summary judgment[1] entered by the trial court in favor of James M. Redpath, Mayo H. Redpath, Jill Lynn Noland, Pamela Jane Metzger, Marilyn Helen Redpath, and James Todd Redpath (Respondents) on Respondents' petition for judicial review of the Commission's denial of their billboard permit application. The court found that the state regulation relied on by the Commission to deny the application, 7 C.S.R. 10–6.040(2)(A), was illegal and void and that the Commission arbitrarily denied the application because it did not consider the public benefit of the billboard. The judgment of the trial court is reversed, and summary judgment is granted in favor of the Commission.

## Facts

Respondents own a one-acre parcel of land immediately south of I–70 between Spruce and Kensington Avenues in Kansas City. The property is vacant and surrounded by single family dwellings. Over the years, the property has not been maintained and has become a site for illegal dumping. Respondents and a city councilman developed a plan to construct and maintain a community park on the property, which would be funded by a portion of the advertising revenues of a billboard located on the site and visible from I–70.

In the spring of 1996, Respondents applied to the City of Kansas City to rezone the property from residential (R2b—Two-Family Dwellings) to commercial (C2p—Local Retail Business–Limited) to allow for erection of the billboard. The City Planning and Development Department issued a report on June 18, 1996, recommending approval of Respondents' application. The City Council passed Ordinance No. 960583 rezoning the property to C2p on June 27, 1996.

In May 1997, Respondents applied to the Commission for an outdoor advertising permit to erect a billboard on the property. The Commission denied Respondents' request for a permit on July 10, 1997, stating, "According to the State's Statutes governing outdoor advertising, spot zoning is prohibited for the sole purpose of accommodating a billboard."

As a result, Respondents filed a petition in the circuit court on August 6, 1997, seeking judicial review under section 536.150, RSMo 1994, of the Commission's denial of their application for permit. In the petition, Respondents alleged that 7 C.S.R. 10–6.040(2)(A), which excludes from the definition of commercially and industrial zoned areas any area that has been spot zoned for outdoor advertising, thereby precluding such area from qualification for outdoor advertising, was contrary to sections 226.500 and 226.540, RSMo 1994, and, therefore, illegal and void. Respondents also alleged that the Commission's denial of their application was arbitrary, capricious, and against the weight of the evidence because the rezoning of the property was not spot zoning and was not done solely for the purpose of allowing outdoor advertising.

The Commission filed a motion for summary judgment on February 25, 1998. Respondents filed a cross motion for summary judgment on April 3, 1998. On July

---

1. The trial court denied the Commission's motion for summary judgment and granted Respondents' motion.

16, 1998, the trial court granted Respondents' motion for summary judgment. The court found that 7 C.S.R. 10–6.040(2)(A) was contrary to section 226.530, RSMo Cum.Supp.1998, which requires the Commission to promulgate only those rules minimally necessary to secure the State of Missouri federal highway aid, and, therefore, was illegal, void, and of no effect. The court also found that the Commission failed to consider the public benefit of the rezoning in this case, and, thus, its denial of Respondents' permit application was arbitrary, capricious, and against the weight of the evidence. This appeal by the Commission followed.

## Points Relied On

On appeal, the Commission claims that the trial court erred in denying its motion for summary judgment and in granting summary judgment in favor of Respondents because (1) 7 C.S.R. 10–6.040(2)(A) complies with section 226.530, RSMo Cum. Supp.1998, (2) neither federal nor state law requires the Commission to consider public welfare, and (3) the relief ordered was beyond the scope of Respondents' petition.[2] The Commission also claims that the court erred in ordering it to pay court costs asserting that the court did not comply with specific requisite statutory procedure in making the order.

## Standard of Review

■ On appeal of an administrative decision in a noncontested case, the appellate court reviews the decision of the trial court, rather than the decision of the agency. *State ex rel. Donelon v. Division of Employment Sec.*, 971 S.W.2d 869, 873 (Mo.App. W.D.1998). In cases seeking judicial review under section 536.150, RSMo 1994, of noncontested administrative decisions, the trial court conducts a *de novo* review in which it hears evidence on the merits of the case, makes a record, determines the facts, and, considering those

facts, decides whether the agency's decision was unconstitutional, unlawful, unreasonable, arbitrary, capricious, or otherwise involved an abuse of discretion. *Id.* at 873–874. The appellate court will sustain the judgment of the circuit court unless no substantial evidence supports it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 874.

## The Relationship of 23 U.S.C. § 131, § 226.500 *et seq.*, and 7 C.S.R. 10–6.040(2)(A)

The Commission first claims that the trial court erred in declaring its regulation, 7 C.S.R. 10–6.040(2)(A), illegal and void. The Commission relied on the regulation, which excludes any area that has been spot zoned for outdoor advertising from commercially zoned areas where outdoor advertising is permissible, in denying Respondents' application. The court found that the regulation was contrary to section 226.530, RSMo 1994.

The Federal Highway Beautification Act provides for control of the erection and maintenance of outdoor advertising signs in areas adjacent to the interstate and primary highway systems. 23 U.S.C. § 131 (1990). The purposes of the Act are to protect the public investment in such highways, to promote the safety and recreational value of public travel, and to preserve natural beauty. 23 U.S.C. § 131(a). To further its objectives, the Act requires states receiving federal highway funds to establish provisions for the effective control of billboards or risk jeopardizing ten percent of those funds. 23 U.S.C. § 131(b). The Act authorizes the Secretary of Transportation to promulgate rules establishing the national standards for outdoor advertising along the interstate and primary highway systems. 23 U.S.C. § 131(c).

---

**2.** Because the Commission's first and second claims are dispositive, its third claim and the alleged error in awarding court costs are not addressed.

■ The Billboard Act, sections 226.500 et seq., provides for control and regulation of the erection and maintenance of outdoor advertising in areas adjacent to the interstate and primary highway systems in Missouri. Like the federal act, the purposes of the Missouri Billboard Act are to promote highway safety, to promote convenience and enjoyment of highway travel, and to preserve the natural scenic beauty of highways and adjacent areas. § 226.500, RSMo 1994. Section 226.530, RSMo Cum. Supp.1998, authorizes the Commission to promulgate rules and regulations relating to outdoor advertising. § 226.530, RSMo Cum.Supp.1998. Section 226.530, however, only authorizes the Commission to promulgate "those rules and regulations of minimal necessity and consistent with customary use to secure to this state any federal aid contingent upon compliance with federal laws, rules and regulations relating to outdoor advertising." *Id.* The Commission, therefore, has limited authority to make rules and regulations for outdoor advertising adjacent to interstate and primary highways. The Commission's rule making authority is limited to making only those rules and regulations of minimal necessity to effect federal restrictions along interstate highways, thereby, precluding Missouri's loss of federal highway funds. *Osage Outdoor Advertising, Inc. v. State Highway Comm'n*, 624 S.W.2d 535, 537 (Mo.App. W.D.1981).

Both federal and state law permit the erection and maintenance of outdoor advertising within 660 feet of the nearest edge of the right-of-way of interstate or primary highways in areas zoned industrial or commercial. The Federal Highway Beautification Act provides that signs "may be erected and maintained within six hundred and sixty feet of the nearest edge of the right-of-way within areas adjacent to the Interstate and primary systems which are zoned industrial or commercial under authority of State law." 23 U.S.C. § 131(d). Section 226.540, RSMo 1994, permits outdoor advertising "within six hundred and sixty feet of the nearest edge of the right-of-way of any interstate or primary highway in areas zoned industrial, commercial or the like." § 226.540, RSMo 1994.

Under federal law, the states exercise full authority under their own zoning laws to zone areas for commercial or industrial purposes, and the actions of the states in this regard will generally be accepted for the purposes of permitting outdoor advertising under the Highway Beautification Act. 23 U.S.C. § 131(d). Where, however, a state or local zoning action "*is not part of comprehensive zoning and is created primarily to permit outdoor advertising structures,*" the zoning action is not recognized as zoning for outdoor advertising control purposes. 23 C.F.R. 750.708(b) (emphasis added).

In Missouri, the words "zoned commercial or industrial areas" for outdoor advertising purposes shall refer to "those areas zoned commercial or industrial by the duly constituted zoning authority or a municipality, county, or other lawfully established political subdivision of the state, or by the state." § 226.540(6), RSMo 1994. Under 7 C.S.R. 10–6.040(2)(A), "[a]n area or district which has been spot zoned or strip zoned for outdoor advertising" does not constitute a zoned commercial or industrial area for purposes of permitting outdoor advertising thereon. 7 C.S.R. 10–6.040(2)(A). Spot or strip zoning *for outdoor advertising* is defined as "an amendment, variance or exception to the comprehensive local zoning ordinance *classifying or zoning a parcel of land as commercial, industrial or suitable for outdoor advertising, out of harmony with the zoning classification or uses of surrounding land* as determined by the chief engineer." 7 C.S.R. 10–6.015(31)(emphasis added).

### 7 C.S.R. 10–6.040(2)(A) Does Not Violate § 226.530

■ Before the trial court and on appeal, Respondents argue that in promulgating 7 C.S.R. 10–6.040(2)(A), the Com-

mission enacted a rule that was beyond what was minimally necessary to secure receipt of federal highway funds in contradiction to section 226.530, RSMo Cum. Supp.1998. Respondents claim that the federal regulation, 23 C.F.R. 750.708(b), utilizes a two-part test: consideration of the zoning classification of the subject property compared to the surrounding area and of the purpose behind the zoning classification. They contend that "the federal regulation recognizes that what might look like spot zoning can be permissible if done for a good reason." In making such a contention, Respondents argue that the word "primarily" in the federal regulation contemplates a determination of "why" the billboard is being erected. Respondents argue that the Missouri regulation, 7 C.S.R. 10–6.040(2)(A), only requires consideration of the zoning classification in comparison to the surrounding areas and is completely devoid of any analysis of public welfare.

▮ A court must construe a statute in the light of the purposes the legislature intended to accomplish and the evils it intended to cure. *Gannett Outdoor Co. v. Missouri Highway and Transp. Comm'n,* 710 S.W.2d 504, 506 (Mo.App. W.D.1986). The Highway Beautification Act and the Missouri Billboard Act were intended to reduce the number of signboards crowding the highways. *Id.* In light of this intended purpose, the acts and regulations promulgated under the authority of the acts should be construed broadly. *See Files v. Arkansas State Highway and Transp. Dep't,* 325 Ark. 291, 925 S.W.2d 404, 408

(1996); *Alper v. State,* 96 Nev. 925, 621 P.2d 492, 495 (1980)(interpreting federal and state highway beautification laws broadly and consistent with legislative intent). Contrary to Respondents' contention, the word "primarily" in the federal regulation does not contemplate a determination of "why" a billboard is being erected or that spot zoning may be permissible if done for a good reason. Instead, the clause contemplates a determination of "why" a state or local zoning action was taken or, in other words, "why" a particular parcel of property was zoned commercial or industrial.[3] Under the federal rule, therefore, if property adjacent to an interstate or primary highway is zoned commercial or industrial for the primary purpose of permitting outdoor advertising and the zoning is not part of the comprehensive zoning, the zoning is not recognized under federal law as commercial or industrial zoning for outdoor advertising purposes. 23 C.F.R. 750.708(b). Similarly, in Missouri, an area zoned for outdoor advertising that is out of harmony with the zoning classification or uses of surrounding land does not constitute zoned commercial or industrial area for outdoor advertising purposes. 7 C.S.R. 10–6.015(31) and 10–6.040(2)(A). The federal and state laws are, therefore, not inconsistent, and in promulgating 7 C.S.R. 10–6.040(2)(A), the Commission did not generate a rule that was beyond what was minimally necessary to secure receipt of federal highway funds in contradiction to section 226.530, RSMo Cum.Supp.1998. The trial court's finding that 7 C.R.S. 10–6.040(2)(A) was illegal and

---

**3.** Such interpretation is consistent with other states' construction of 23 C.F.R. 705.708(d). *Files,* 925 S.W.2d at 408–409; *Alper,* 621 P.2d at 495. In *Alper v. State,* 96 Nev. 925, 621 P.2d 492, 495 (1980), the Nevada Supreme Court, in interpreting the Highway Beautification Act and its own state highway beautification law, found that "it would be contrary to the intent of both Congress and the state legislature for this court to look solely to the words of the zoning ordinance in deciding whether the area is commercial or industrial for purposes of highway beautification." *Al-*

*per,* 621 P.2d at 495. It held, therefore, that in determining whether a particular property is zoned commercial or industrial for outdoor advertising purposes, inquiry is not limited to review of the face of the zoning ordinance, but should include reference to actual and contemplated land uses. *Id. See also Files,* 925 S.W.2d at 408–409 (agreeing with analysis in *Alper,* held that state highway and transportation department properly looked behind the city's zoning ordinance and examined motivation behind zoning).

void, therefore, was a misstatement of the law and was erroneous.

### Neither Federal Nor State Applicable Billboard Zoning Law Requires Consideration of Public Welfare

The Commission also claims that the trial court erred in finding that the Commission's denial of Respondents' permit application was arbitrary, capricious, and against the weight of the evidence based on its failure to consider the public benefit of the rezoning, i.e. the creation of a community park and the clean-up of the property. It asserts that neither federal nor state law required the Commission to consider the public benefit of the City's rezoning Respondents' property in granting or denying their billboard permit application.

The Commission denied Respondents' permit application based on 7 C.S.R. 10–6.040(2)(A). The Commission found that the rezoning of Respondents' property was done for the primary purpose of permitting the erection of outdoor advertising. As stated above, under the federal law, a zoning "[a]ction which is not a part of comprehensive zoning and is created primarily to permit outdoor advertising structures, is not recognized as zoning for outdoor advertising control purposes." 23 C.F.R. 750.708(b). In Missouri, 7 C.S.R. 10–6.040(2)(A) provides that "[a]n area or district which has been spot zoned or strip zoned for outdoor advertising" does not constitute a zoned commercial or industrial area for the purposes of outdoor advertising. 7 C.S.R. 10–6.040(2)(A). Spot or strip zoning *for outdoor advertising* is defined in the Commission's regulation as "an amendment, variance or exception to the comprehensive local zoning ordinance classifying or zoning a parcel of land as commercial, industrial or suitable for outdoor advertising, *out of harmony with the zoning classification or uses of surrounding land* as determined by the chief engineer." 7 C.S.R. 10–6.015(31). Neither the federal nor the state regulation requires

consideration of the public benefit of the zoning.

Respondents acknowledge that the Missouri Billboard Act does not require such consideration but argue on appeal that the Commission's definition of spot zoning in its regulation was impermissible because it was inconsistent with Missouri case law. They rely on two cases, *Strandberg v. Kansas City*, 415 S.W.2d 737 (Mo. banc 1967), and *Treme v. St. Louis County*, 609 S.W.2d 706 (Mo.App. E.D.1980), in asserting that Missouri precedent requires an evaluation of public benefit in spot zoning cases. In *Strandberg*, the Missouri Supreme Court, in considering whether a rezoning ordinance was valid, defined the term "spot zoning." *Strandberg*, 415 S.W.2d at 746. It explained, "Ordinarily, the term 'spot zoning' is used to denote an amendment to the municipal zoning law reclassifying one or more lots or parcels of land for a use out of harmony with the classification of the surrounding areas and without regard to the public welfare." *Id.* Likewise, in *Treme*, the Eastern District, in determining whether the rezoning of a tract of land was constitutional and valid, explained improper spot zoning:

> When a zoning ordinance or an amendment puts a small area in a zone different from that of the surrounding area, we have what may be called "spot zoning," using the term in a descriptive sense. Such zoning may be invalid or valid. If it is an arbitrary and unreasonable devotion of the small area to a use inconsistent with the uses to which the rest of the district is restricted and made for the sole benefit of the private interests of the owner, it is invalid.

*Treme*, 609 S.W.2d at 713 (quoting *Huff v. Board of Zoning Appeals*, 214 Md. 48, 133 A.2d 83 (1957)).

Generally, where a statute uses words that have a definite and well known meaning at common law, courts will presume that the terms are used in the sense in which they were understood at common

law unless, however, it clearly appears that such construction was not so intended. *State v. Duggar*, 806 S.W.2d 407, 408 (Mo. banc 1991); *PharmFlex, Inc. v. Division of Employment Sec.*, 964 S.W.2d 825, 831 (Mo.App. W.D.1997). In this case, the Missouri General Assembly and the Commission clearly intended that the general common law definition of "spot zoning," used to determine if a zoning ordinance is valid, does not apply for purposes of regulating outdoor advertising. The Commission specifically defined, for outdoor advertising purposes, the term "spot zoning." Although inconsistent with common law, such definition was not inconsistent with the Federal Highway Beautification Act as the Missouri General Assembly required in section 226.530, RSMo Cum.Supp.1998. Such definition was also not inconsistent with the stated purpose of the Missouri Billboard Act to reduce the number of signboards crowding the highways. The trial court, therefore, misapplied the law in finding that the Commission was required to consider the public benefit of the zoning of Respondents' property in denying their application for a billboard permit.

### Billboard Permit Properly Denied

The Missouri regulation, 7 C.S.R. 10–6.040(2)(A), excludes from zoned commercial or industrial areas, for purposes of outdoor advertising, an area that has been zoned for outdoor advertising purposes and that is out of harmony with the zoning classification or uses of surrounding land. The undisputed facts in this case reveal that Respondents' property was zoned commercial for the sole purpose of allowing the erection of a billboard and that such zoning was out of harmony with the surrounding land uses. In her deposition, Virginia Walsh, a division manager in the City Planning and Development Department, acknowledged that her department recommended to the City Council the rezoning of Respondents' property from residential to commercial to only allow for the erection of a billboard and the construction of a community park. She also admitted that a community park could have been constructed on the property without rezoning the property to commercial. Thus, the property was rezoned to commercial for the sole purpose of erecting a billboard.

Additionally, the undisputed facts revealed that the rezoning of Respondents' property from residential to commercial was out of harmony with the zoning classification or uses of surrounding land. In her deposition, Ms. Walsh stated that the zoning classification of the land surrounding Respondents' property was residential and that the property was surrounded on the north by I–70 and on the south, west, and east by single-family and two-family dwellings. The City Planning and Development Department's report to the City Council recommending approval of Respondents' request to rezone their property confirmed the surrounding uses and reported that because the surrounding area was dominantly residential, commercial zoning could be inappropriate. The report further stated that a City Plan for Urban Design approved by the City Plan Commission in 1991 reported that no new off-site advertising signs should be approved along the interstate and primary highway system, that the City Council should lobby for an amendment to state law that would further restrict billboards along freeways and state highways, and that billboards and off-site advertising signs should be prohibited. Because Respondents' property was spot zoned for outdoor advertising, it did not under 7 C.S.R. 10–6.040(2)(A) constitute a zoned commercial or industrial area for the purpose of outdoor advertising, and the Commission properly denied Respondents' application for a billboard permit. The summary judgment granted in favor of Respondents is, therefore, reversed, and summary judgment is granted in favor of the Commission. Rule 84.14.

All concur.