ARBY ALPER & RUTH ALPER, UNITED OUTDOOR ADVERTISING COMPANY, A California Corporation, E. T. LEGG and COMPANY; CAR DISPLAYS, INC.; JAMES VAN DER MEER, SUSAN ANN PINJUV, AMY THOMPSON and MALENDA VAN DER MEER, Trustees for the Van Der Meer Grandchildren; YOUNG ELECTRIC SIGN COMPANY; EMIL MILLER and DORINDA MORGAN, Appellants, v. THE STATE OF NEVADA, on Relation of its Department of Highways, Respondent.

No. 11039

December 13, 1979                                          603 P.2d 1085

*George Rudiak,* Las Vegas, for Appellants.

*Richard Bryan,* Attorney General, and *Richard E. Thornley,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

This is an appeal from entry of partial summary judgment in respondent's favor. The case was certified for appeal pursuant to 54(b), Nevada Rules of Civil Procedure.

Appellants Alper, United Outdoor Advertising Company, and E. T. Legg and Company sued the State of Nevada for declaratory relief or injunction. Respondent, State of Nevada, counterclaimed in that action and also brought two separate actions in eminent domain against the other appellants.[1] The three actions were consolidated for hearing in the district court.

The issue before the trial court was whether an area zoned "H-2" under Clark County zoning ordinances was an "area zoned commercial or industrial under authority of state law" for purposes of the federal Highway Beautification Act and the Nevada Outdoor Advertising Act. If so, off-premises advertising structures belonging to the appellants in the H-2 zone would be exempt from condemnation under those acts.[2] The trial court determined that the zone designated as H-2 by the Clark County Zoning Board was not a commercial or industrial zone within the meaning of NRS 410.320(4). The court therefore granted the respondent's motion for partial summary judgment.[3]

---

[1] Case No. A 178394: Alper et al. vs. State of Nevada; Case No. A 179689, State of Nevada vs. Car Displays, Inc., et al., and Case No. A 179682, State of Nevada vs. Young Electric Sign Company, et al.

[2] 23 U.S.C. 131(d) states in part:

"In order to promote the reasonable, orderly and effective display of outdoor advertising while remaining consistent with the purposes of this section, signs, displays, and devices whose size, lighting and spacing, consistent with customary use is to be determined by agreement between the several States and the Secretary, may be erected and maintained within six hundred and sixty feet of the nearest edge of the right-of-way areas adjacent to the Interstate and primary systems which are zoned industrial or commercial under authority of State law, or in unzoned commercial or industrial areas as may be determined by agreement between the several States and the Secretary. . . ." The Nevada act is similar. *See* NRS 410.320(4). Commercial outdoor off-premises advertising is not permitted in other areas. *See* 23 U.S.C. 131(c) and NRS 410.320(3).

[3] The question of compensation is not before the court.

The federal Highway Beautification Act, 23 U.S.C. § 131, was originally enacted in 1958. Pub. L. No. 85-381, § 122(a), 72 Stat. 89. The act was reenacted, in substantially its current form, on October 22, 1965. Pub. L. No. 89-285, § 131, 79 Stat. 1028. Generally, the act requires the states to adopt measures for effective control of signboards that are adjacent to the interstate and federal-aid primary highway systems. Commercial and industrial zones are exempted from the act's provisions. Should a state fail to accomplish "effective control" of outdoor advertising, the Secretary of Transportation has authority to impose a penalty consisting of a 10 percent reduction in annual federal highway funds to the state.[4]

The states have authority under their own zoning laws to zone areas for commercial or industrial purposes. The actions of the states in this regard will be accepted by the Secretary of Transportation for the purposes of 23 U.S.C. 131(d). Action which is not a part of comprehensive zoning or which is created primarily to permit outdoor advertising structures will not be recognized as valid zoning for outdoor advertising control purposes. CFR § 750.708(b).

The State of Nevada passed its Highway Beautification Act, NRS 410.220 *et seq.,* in 1971 to comply with the federal law and avoid the 10 percent penalty provision. The State of Nevada entered into an agreement with the Secretary of Transportation on January 21, 1972.[5] The agreement defined "zoned commercial or industrial areas" as "those areas which are zoned for business, industry, commerce, or trade pursuant to a state or local zoning ordinance or regulation."

The State of Nevada does not contend that Clark County acted without authority in zoning as it did, nor does it contend that Clark County zoned primarily to permit outdoor advertising structures to contravene the purposes of the act. Therefore, the issue before this court is the validity of the lower court's determination that H-2 was not a commercial zone within the meaning of NRS 410.220 *et seq.*

Under Clark County ordinances, uses permitted in the H-2 zone included:

(A) Nurseries and greenhouses;

(B) On-premises signs subject to the provisions of Section 29.44.050(J) of this title;

---

[4]*See* State of S.D. v. Adams, 587 F.2d 915 (8 Cir. 1978).

[5]A copy of the agreement appears in State of Nevada, Dept. Highways *Outdoor Advertising Control Manual,* p. 29 (5 ed. 1975).

(C) The following uses, upon the issuance of a conditional use permit in each case, which permit shall prescribe conditions as to building site area, materials, dimensions of yards, building setbacks, off-street parking and loading spaces, and such other matters as may be deemed necessary and not considered and/or not specified in this title;

(1) Multiple dwellings, dwelling groups, apartment houses, provided that all buildings and structures shall comply to Section 29.21.050 (property development standards) of the R-4 (multiple family—high density) district;

(2) Public and quasi-public and institutional buildings or uses,

(3) Bars, taverns, etc.,

(4) Restaurants and eating places,

(5) Motels,

(6) Public garages and automobile repair shops,

(7) Upholstery shops,

(8) Service stations,

(9) Retail business establishments,

(10) Offices and office buildings,

(11) Off-premises signs subject to the provisions of Section 29.44.050(J)(3) of this title;

(D) Accessory buildings and incidental to the above. (Ord. 566 § 9, 1978; Ord. 497 § 5, 1976; Ord. 429 (part), 1974).

The ordinance has been in effect since 1946. In 1971 the ordinance was amended to require conditional use permits. In 1976, Clark County divided the county into districts, including residential, commercial, manufacturing and special districts. Until that time, H-2 had been denominated a "special district." The commercial districts in 1976 included:

C-C, shopping center district
C-P, office and professional district
C-1, local business district
C-2, general commercial district
C-3, general commercial district
H-2, general highway frontage district

The State of Nevada argued that H-2 was not a "commercial" district for purposes of the Highway Beautification Act and the Nevada Act because Congress intended to restrict outdoor advertising to areas which are established as commercial

and which have little natural countryside to protect. The State argued that the Federal Highway Administrator for Nevada did not consider a zone to be commercial which also permitted other uses. Affidavits before the court established that the signs in question had been in existence prior to passage of the 1965 Congressional act and the 1971 Nevada act. An affidavit also established that 95 percent of the land in H-2 was undeveloped and less than 2½ percent was commercial use with the remainder residential use. Therefore, the State argued that the commercial use in the H-2 area was incidental to residential use and could not qualify the area as an area zoned commercial for purposes of advertising control.

We are not persuaded by the State's argument. When Clark County zoning authorities reclassified the H-2 area from "special" to "commercial," the authorities did not add to nor delete from the permissible uses. The area has been consistently viewed by the county as suitable for such activities as nurseries, multiple dwellings, public buildings, bars, restaurants, motels, garages, shops, service stations, retail business establishments and office buildings. These activities are included in "business, commerce or trade," and come within the "commercial zone" exception of the Nevada act, as set out in the agreement between Nevada and the Secretary of Transportation. We also note that if the H-2 area were unzoned, under the agreement between the State and Secretary of Transportation, the presence of one permanent structure devoted to a commercial activity or on which a commercial activity is actually conducted, with or without a permanent structure, could result in a determination that the area was an unzoned commercial area for purposes of outdoor advertising control.[6]

Thus, it would be inconsistent to determine that H-2 cannot be a commercial area because only 2½ percent of the area is devoted to commercial activities.

Congress, in enacting the 1965 Highway Beautification Act, was heavily influenced by the outdoor advertising industry.[7] The proposed Nevada Act was amended in the Nevada Senate in order to recognize that outdoor advertising is a legitimate commercial use of private property.[8] So long as the local zoning authority has acted within its statutory authority and there is no allegation of improper motive, its classification of an area

---

[6]*Outdoor Advertising Control Manual,* cited at n.4 at 31, ¶D.

[7]R. Cunningham, Billboard Control under the Highway Beautification Act of 1965. 71 Mich. L. R. 1296, 1300 nn 17, 18 (1973).

[8]1971 Senate Journal 416.

as "commercial" or "industrial" does not violate the purposes of 23 U.S.C. § 131 *et seq.* or Ch. 410, Nev. Rev. Stats.

By agreement with the Secretary of Transportation, the State of Nevada has established criteria for size, number and placement of signs within commercial and industrial zones. It has also established a permit procedure for outdoor advertising. The State has the means to control outdoor advertising effectively within the commercial and industrial zones validly created by the local authority.

For the reasons stated herein, we hold that the trial court erred in granting summary judgment to the respondent on the basis that H-2 was not a commercial zone for purposes of the Nevada Advertising Control Act of 1971, and the cause is hereby remanded to the district court with instructions to grant appellant's cross-motion for summary judgment.

MOWBRAY, C. J., and THOMPSON, MANOUKIAN, and BATJER, JJ., concur.