THE OFFICE OF THE STATE ENGINEER OF THE STATE OF NEVADA, DIVISION OF WATER RESOURCES, PETER G. MORROS, State Engineer and LAS VEGAS VALLEY WATER DISTRICT, Appellants, v. CURTIS PARK MANOR WATER USERS ASSOCIATION, Respondents.

No. 15227

January 3, 1985 692 P.2d 495

*Brian McKay,* Attorney General, *George Benesch,* Deputy Attorney General, Carson City; *Robert J. Miller,* District Attorney, *Susan L. Johnson,* Deputy District Attorney, Las Vegas, for Appellants.

*Nitz, Schofield & Walton,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

The State Engineer and the Las Vegas Valley Water District jointly appeal the district court's finding on remand from Las Vegas Valley Water District v. Curtis Park, 98 Nev. 275, 646 P.2d 549 (1982), that the State Engineer abused his discretion in revoking respondents temporary water permits. Appellants contend the district court did not follow the law of the case as outlined in our first opinion. We agree and now hold the State Engineer did not abuse his discretion as there is substantial evidence in the record to support his order revoking the temporary water permits.

The facts of this matter are undisputed and have not changed since *Curtis Park;* both parties have adopted them as presented in that opinion.

In *Curtis Park,* we held that the district court's review of the State Engineer's revocation order is a limited judicial review for abuse of discretion. *Curtis Park,* 98 Nev. at 278, 646 P.2d at 551. "We decline[d] to rule on whether the record indicat[ed] an abuse of discretion by the State Engineer." *Id.* Rather, we determined the district court had no authority to grant equitable *relief* to the Curtis Park Homeowners Association, which has owned the temporary well permits for over twenty years before the water district could service that area.

In support of our holding, we relied on the agency-specific judicial review provision of NRS 533.450, the Nevada Administrative Procedure Act non-contested case judicial review provi-

sion of NRS 233.B140(5), and our previous decision in Revert v. Ray, 95 Nev. 782, 603 P.2d 262 (1979). This specific guidance was to enable the district court to review the State Engineer's order properly on remand.

The doctrine of the law of the case provides that where an appellate court states a principle of law in deciding a case, that rule becomes the law of the case, and is controlling both in the lower court and on subsequent appeals, as long as the facts are substantially the same. Andolino v. State, 99 Nev. 346, 350, 662 P.2d 631 (1983) (citations omitted).

The district court, then, was bound by NRS 533.450, NRS 233.B140(5), and *Revert* in its subsequent review of the State Engineer's order.

On remand, the district court reached the same conclusion it had reached in its first review. It rescinded the Engineer's revocation order, reinstated the temporary well permits making them permanent, and ordered the new permits to be expanded from 145 lots originally serviced to the 257 lots now in the subdivision.

In so doing, the lower court did not perform a limited review based on our remand instructions. Rather, it found the State Engineer abused his discretion by not holding a hearing prior to the revocation order, even though none was required under the governing water law provisions, NRS 534.120. The lower court did not address whether there was substantial evidence to support the State Engineer's decision.

In failing to perform the limited review we ordered it to perform, the district court abused *its* discretion. In transforming the well permits from temporary to permanent and in expanding the scope of the permits, the lower court usurped the Engineer's power. A district court is not free to substitute its judgement for that of the Engineer in granting and extending permanent water rights. *Revert,* 95 Nev. at 786, 603 P.2d at 264.

When an order of the State Engineer is challenged, this court is bound by the same standard of review as the lower court. Gandy v. State ex rel. Div. Investigation, 96 Nev. 281, 283, 607 P.2d 581, 582 (1980). In reviewing the order for an abuse of discretion, our function is to review the evidence upon which the Engineer based his decision and ascertain whether that evidence supports the order. *Id.* If so, this court is bound to sustain the Engineer's decision. *Id.*

Our review of the record on appeal indicates the State Engineer based his decision to revoke the temporary well permits on the

availability of water from the Las Vegas Valley Water District. The Engineer's revocation order was issued pursuant to NRS 534.120, which specifically grants the Engineer discretion to revoke temporary permits "when water can be furnished by an entity such as a water district. . . ." In *Curtis Park* we noted the "permit contained the express provision that 'this permit . . . is further subject to revocation when water is available from the Las Vegas Water District. . . .' " *Curtis Park,* 98 Nev. at 276, 646 P.2d at 549. As the Las Vegas Valley Water District has water available to service respondents, the State Engineer did not abuse his discretion in revoking the temporary well permits.

Accordingly, the judgment is reversed and the case is remanded to the district court for reinstatement of the State Engineer's revocation order.