STATE OF NEVADA, ON RELATION OF ITS DEPARTMENT OF HIGHWAYS, APPELLANT, *v.* ARBY ALPER, RUTH ALPER, UNITED OUTDOOR ADVERTISING COMPANY, E. T. LEGG & COMPANY, CAR DISPLAYS, INC., JAMES VAN DER MEER, SUSAN ANN PUNJUV, AMY THOMPSON, MALENA VAN DER MEER, TRUSTEES FOR THE VAN DER MEER GRANDCHILDREN, YOUNG ELECTRIC SIGN COMPANY, EMIL MILLER AND DORINDA MORGAN, RESPONDENTS.

No. 15051

September 24, 1985                      706 P.2d 139

---

[1]THE HONORABLE JUSTICE JOHN C. MOWBRAY voluntarily recused himself from consideration of this case.

[Petition for rehearing denied June 26, 1986]

*Brian McKay,* Attorney General; *William M. Raymond,* Deputy Attorney General; *Madelyn Shipman,* Deputy Attorney General, Carson City, for Appellant.

*Rudiak & Larsen,* Las Vegas, for Respondent Young Electric Sign Company.

*Rudiak & Larsen,* Las Vegas; and *Kermitt L. Waters,* Las Vegas, for Respondents.

# OPINION

*Per Curiam:*

For the third time in just five years, and after two remands to the court below, this court must again consider the application of the so-called "Lady Bird Act" to condemnation proceedings involving billboards.

This matter began in February, 1978, when the Department of Transportation[1] condemned billboards adjacent to Interstate 15 pursuant to the Federal Highway Beautification Act, currently codified at 23 U.S.C. § 131 (1982), and the Nevada Outdoor Advertising Act, NRS 410.220 *et seq.* Both statutes provide for the removal of billboards adjacent to primary highways. Billboards located in commercial or industrial zones are exempt from removal. The billboards at issue here are located on land zoned H-2 by Clark County authorities.

In Alper v. State ex rel. Dep't of Hwys., 95 Nev. 876, 603 P.2d 1085 (1979) we held that a zoning classification which permitted multiple dwellings, certain on-premises signs, public and institutional buildings, and business establishments, was "commercial" or "industrial" for purposes of the Nevada Advertising Control Act of 1971. Billboards in the H-2 zoning area were thus held to be exempt from condemnation based on the wording of the zoning ordinance.

A rehearing was then granted pursuant to NRAP 40(c)(2),[2] and thereafter in Alper v. State ex rel. Dep't Hwys., 96 Nev. 925, 621 P.2d 492 (1980), we held that the beautification laws should be interpreted broadly and not limited to a review of the face of the ordinance. An inquiry must include reference to actual and contemplated land uses. If no actual development exists or development is not planned or contemplated for the *near* future, then the area is not exempt. Billboards are then subject to condemnation. In *Alper,* 96 Nev. at 931, the case was remanded to the district court in order that a determination be made as to the status of the area on which each billboard is located.

Pursuant to the 1980 *Alper* remand, trial commenced in 1982. The district court allowed into evidence regulations adopted by the Department of Transportation in November, 1982, pursuant to the federal exemption provision, 23 U.S.C. § 131; subsection

---

[1]At that time the department was known as the Department of Highways.

[2]Rule 40 provides, in pertinent part:

> The court may consider rehearings in the following circumstances:
>
> (i) When it appears that the court has overlooked or misapprehended a material matter in the record or otherwise, or
> (ii) In such other circumstances as will promote substantial justice.

O. These regulations specify criteria for determining actual or contemplated commercial use. An area standard denies exemption to billboards greater than 600 feet away from an existing commercial structure. A time standard limits contemplated commercial use to a one-year period.

The district court declined to apply these standards after declaring them arbitrary and unreasonable. In their stead, the district court applied its own subjective criteria and found the natural beauty adjacent to Interstate 15 already maimed by a series of man-made objects—including the highway itself, the prison complex at Jean, the power and telephone lines, wire fencing, railroad tracks, various buildings, trailers, and abandoned debris. The lower court found the billboards to be "no more unsightly, and in many instances . . . much more sightly" than any of these objects.

Believing the federal government was no longer threatening to reduce Nevada's highway funding if the beautification legislation was not enforced, the district court determined there was no longer a need or necessity for the removal of the billboards.[3] The court concluded that the area where the billboards are located is a "bonafide and legitimate highway oriented commercial or industrial zone," and it thus exempted the billboards from condemnation proceedings. Appealing the district court's denial of its motion for a judgment notwithstanding the verdict or, in the alternative a new trial, the Department of Transportation first contended that the district court failed to apply the "law of the case," which we set forth in our 1980 *Alper* opinion.

The doctrine of the law of the case provides that when an appellate court states a principle of law, that rule becomes the law of the case and is controlling both in the lower court and on subsequent appeals, as long as the facts remain substantially unchanged. State Engineer v. Curtis Park, 101 Nev. 30, 32, 692 P.2d 495, 497 (1985) citing Andolino v. State, 99 Nev. 346, 662 P.2d 631 (1983); Collins v. Union Fed. Savings & Loan, 99 Nev. 284, 662 P.2d 610 (1983) citing Lo Bue v. State ex rel. Dep't of Hwys., 92 Nev. 529, 554 P.2d 258 (1976).

This court remanded to the district court for a specific inquiry as to actual and contemplated commercial land use for each billboard area. The state here contends that, in spite of the rather simple task outlined for the district court, the court made findings

---

[3]Even if the district court was warranted in making this determination in light of our remand instruction in *Alper,* we are not convinced that this is the admitted position of the federal government. We decline to address the current validity of the federal legislation, however.

of fact and conclusions of law which violated the law of the case by conflicting with the *specific* remand instructions of this court. This does seem to be so.

The district court's characterization of the billboard area did not determine the commercial or industrial activity (actual or contemplated) in the *area of each billboard.* Thus, it did not comply with our directives as stated in the 1980 *Alper* opinion.

On January 31, 1985, this court remanded the case again to the district court for a determination of the status of each area on which a billboard is located, with reference to both actual and contemplated commercial or industrial land use. The parties were allowed to submit supplemental authorities addressing only the court's findings. Pursuant to this remand, the district court finally accomplished the task and submitted supplemental findings of fact on March 26, 1985. There are nineteen billboards in question[4] and the state conceded that three of the billboards were conforming.[5] Thus, sixteen billboards remain non-conforming and are subject to removal upon payment of just compensation.[6]

The Department of Transportation regulations (Fifth Edition of the Department of Transportation's Outdoor Advertising Control Manual, Second Supplement) established area and time criteria in determining the nature of billboards located in areas which are zoned commercial but actually are undeveloped for the most part. Respondents allege that these criteria cannot be retroactively applied in this case and the Department of Transportation exceeded its legislative authority.

We hold that the area and time standards adopted by the Department of Transportation provide proper guidance in determining the nature of billboards in such areas. The standards are reasonable and are related to the *overall objectives* of the federal and state Highway Beautification Acts. We note that the 600-foot criterion is identical to that used by the state, since 1972, during inquiries concerning unzoned commercial areas. Further, the

---

[4]One structure consists of two signs facing north and south (Permit Nos. 986 and 987).

[5]The state conceded in the 1982 hearing that the billboard identified by Permit No. 177 was conforming since located within the developed limits of the Hadland Nursery. Two other billboards (identified by Permit Nos. 319 and 2507) became conforming in 1984 due to a zoning change at Sloan, Nevada. These billboards are located within 600 feet of a commercial concession.

[6]We decline to address whether a softball field is a commercial enterprise. Two billboards were located 890 feet and 894 feet from a softball field. In both cases, the 600 feet criterion was exceeded.

record reflects that other states with similar Highway Beautification Acts have adopted similar criteria.[7]

This court has held that judicial interpretation of a statute may be retroactively applied if it is authoritative and foreseeable. Kreidel v. State, 100 Nev. 220, 678 P.2d 1157 (1984). For the reasons elucidated above, the area and time criteria established by the Department of Transportation may be given retroactive effect.

■■■■■

The State of Nevada next argues that the district court's award of witness fees ($13,133.50) to respondent must be reversed. NRS 37.190 specifically authorizes the recoupment of witness fees in eminent domain actions. As the statute limits the award to $150, the district court acted without legislative authority.

■■■■■

Although the district court need not have reached the issue of valuation (because it exempted the billboards from condemnation), it did properly ascertain the date of valuation as December 20, 1982. This was the date of the proceeding now appealed. NRS 37.120(1)(b)[8] was correctly applied by the district court.

Accordingly, this case is remanded to the district court to enter judgment in accordance with this opinion.

---

[7]As testified to by Dr. Charles Frederick Floyd during trial on January 5, 1983. Dr. Floyd received A.B. and Ph.D. degrees in economics from the University of North Carolina at Chapel Hill and was Professor of real estate at the University of Georgia. Additionally, he has authored or co-authored books and articles dealing with real estate and land use. Dr. Floyd served on two advisory committees related to Highway Beautification Acts (one national committee and the other for the state of Georgia). Dr. Floyd testified that states vary on what constitutes an actual area of commercial or industrial activity. The usual measurement is from 400 feet to 1000 feet from the activity. He stated the majority use an 800 foot criterion.

[8]NRS 37.120 provides, in pertinent part:

. . .

(b) In any action commenced after April 4, 1965, in which the issue is not tried within 2 years after the date of commencement of the action, unless the delay is caused primarily by the defendant, the right to compensation and damages shall be deemed to have accrued at the date of service of summons or at the date of trial, whichever results in the greater compensation and damages. As used in this paragraph, "primarily" is construed to mean the last act of either party that would carry the action past 2 years.