SUE GALBRAITH GEISSEL, EXECUTRIX OF THE ESTATE OF DONALD BENNETT GALBRAITH, APPELLANT, v. ROSEMARY E. GALBRAITH, RESPONDENT.

No. 18890

March 9, 1989                                         769 P.2d 1294

---

*John Peter Lee* and *Grenville Thomas Pridham,* Las Vegas, for Appellant.

*Brown, Wells, Kravitz & Schnitzer,* for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a NRCP 56(c) summary judgment grant. Appellant Geissel is the executrix of the estate of her father, Donald Galbraith. In her amended complaint, she claimed that a certain trust deed and promissory note were erroneously drawn and prepared so that proceeds were made payable to Donald Galbraith and his wife, respondent Rosemary E. Galbraith, as joint tenants. Although appellant attempted to persuade the district court to reform the instruments in question, her case was dismissed pursuant to NRCP 41(b). On appeal, this court reversed the dismissal and remanded the matter to the district court. *See* Geissel v. Galbraith, 101 Nev. 125, 695 P.2d 1316 (1985). On remand, the district court granted respondent's motion for summary judgment and disposed of the case on the basis of *res judicata.* Because the doctrine of the law of the case is controlling and *res judicata* is not, we conclude that the district court erred.

The controversy arose out of the sale of certain real property owned by Donald Galbraith as "an unmarried man." However, because Galbraith had married since his acquisition of the property, the escrowee requested that he obtain a quitclaim from his wife or arrange to have her sign the deed.

Although Galbraith insisted that the property was his sole and separate property, he later agreed to have respondent sign. New

escrow instructions were prepared, indicating that a deed was to be signed by "Donald and Rosemary Galbraith, husband and wife as joint tenants." The escrow instructions relative to payment, however, provided that the buyer would execute a deed of trust and promissory note in the amount of $142,000 "in favor of Donald B. Galbraith." The aforementioned instruction notwithstanding, the escrowee prepared a trust deed and note payable to "Donald B. Galbraith and Rosemary E. Galbraith, husband and wife as joint tenants." The record is not clear as to why the instruments were not prepared consistent with the escrow instructions. There is no indication that Donald Galbraith consented to the variance. To the contrary, approximately ninety days after the close of escrow, Galbraith filed suit to quiet title to the property as his sole and separate property. The suit was resolved by the parties entering into a stipulation that the property "was the sole and separate property" of Donald Galbraith. On the same day as the stipulation was signed, a judgment was entered which reflected the stipulation.

On June 7, 1982, Donald Galbraith died and appellant was appointed executrix of his estate. Appellant then filed an action to have the foregoing note and trust deed reformed to reflect her deceased father as the sole payee and beneficiary and to declare the instruments to be Galbraith's sole and separate property. Respondent countered with an NRCP 41(b) motion to dismiss and the district court granted the motion. On appeal, we reversed and remanded, stating that, given the evidence, "it is very difficult to conclude, as did the trial judge, that as a matter of law the plaintiff failed to prove a *prima facie* case for reformation. . . ." *Geissel,* 101 Nev. at 127, 695 P.2d at 1316.

On remand, respondent moved for summary judgment claiming, under a theory of *res judicata,* that the original stipulation-based judgment precluded reformation. More specifically, respondent argued that even though the stipulation and judgment recognized Galbraith as the sole and separate property owner, the stipulation did not speak to the reformation question and thus *res judicata* precluded reformation. The district judge agreed with respondent and granted her motion. This appeal followed. We reverse.

## ▮▮▮▮▮▮ ▮

Under the doctrine of the law of the case, where an appellate court states a principal or rule of law in deciding a case, that rule becomes the law of the case and is controlling both in the lower courts and on subsequent appeals, so long as the facts remain substantially the same. State, Dep't Hwys. v. Alper, 101 Nev. 493, 496, 706 P.2d 139, 141 (1985). Thus, if a judgment is reversed on appeal, the court to which the cause is remanded can

only take such proceedings as conform to the appellate court's judgment. LoBue v. State ex rel. Dep't Hwys., 92 Nev. 529, 532, 554 P.2d 258, 260 (1976).

Applying the foregoing to the facts of this case, we conclude that the district court violated the law of the case and erred in granting summary judgment. This court originally concluded that appellant proved a *prima facie* case for reformation. *Geissel,* 101 Nev. at 127-28, 695 P.2d at 1317. Given this conclusion, we remanded the matter for trial and gave respondent the opportunity to rebut appellant's evidence. However, the lower court looked to *res judicata* and granted summary judgment on the basis of a stipulation-based judgment. This constituted error and violated the law of the case. Moreover, a judgment pursuant to stipulation of the parties does not have a *res judicata* effect. *See* United States v. International Building Co., 345 U.S. 502, 505-506 (1953) (no *res judicata* effect afforded stipulation-based tax court decision); In Re Daley, 776 F.2d 834, 838 (9th Cir. 1985) (fraud claim not actually litigated where dismissal entered pursuant to a stipulation, hence no collateral estoppel); Chaney Bldg. Co. v. City of Tucson, 716 P.2d 28, 30 (Ariz. 1986) (nothing is adjudicated between parties to a stipulated dismissal, hence no collateral estoppel); Rajspic v. Nationwide Mut. Ins. Co., 662 P.2d 534, 537 (Idaho 1983) (stipulation in civil action for assault and battery not given collateral estoppel effect); Am. Mut. Liability Ins. Co. v. Mich. Mut. Liability Co., 235 N.W.2d 769, 776 (Mich.App. 1975) (consent judgment could not be given collateral estoppel effect).

In this case, there is no evidence that the respondent and Donald Galbraith intended that their stipulation should have a *res judicata* effect. The lower court's contrary determination constituted an erroneous conclusion of law. Hence, the district court's grant of summary judgment, based upon its erroneous conclusion of law with its concomitant denial of a trial on the merits as directed by this court, violates the law of the case.

Accordingly, the summary judgment is reversed and this case is remanded to the district court for a trial on the merits.