MARION PROPERTIES, LTD., A NEVADA LIMITED PARTNERSHIP, BY ITS GENERAL PARTNER, LOYAL CROWNOVER, APPELLANT, v. WILLIAM G. GOFF, JR., KAREN Z. GOFF, AND RICHARD A. McCARTY, RESPONDENTS.

No. 21835

November 5, 1992                    840 P.2d 1230

*Morton & Associates* and *Eric Dobberstein,* Las Vegas, for Appellant.

*Deaner, Deaner & Scann* and *Douglas R. Malan,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

In May of 1988, American Development Group, Inc., dba Americana Construction ("Americana") agreed with Marion Properties, Ltd. ("Marion") to construct several condominiums on Marion's property. Eventually, after several disputes arose, Marion filed a complaint in the district court against Americana. Marion alleged that Americana had failed to complete the project on time and had wrongfully recorded a lien against the project.

Americana thereafter filed a lien foreclosure action against Marion and other owners. Both actions were consolidated. Americana later declared bankruptcy.

An attorney for Americana's bankruptcy trustee and Marion's attorney entered into a stipulation in which Marion dismissed its claim against Americana with prejudice and Americana dismissed its claim against Marion with prejudice. The stipulation was filed in the district court, and the district court approved it. The stipulation and order for dismissal stated that Marion's claims against Americana were "dismissed with prejudice, [Marion] reserving all rights to bring claims against the principals, incorporators or indemnitors of Americana Construction Company." In a stipulation filed in the bankruptcy court, Ameri-

cana also agreed to release its lien on the real property upon payment by Marion to Americana's bankruptcy trustee of $2,500.

Marion subsequently filed a complaint against respondents. Marion alleged that Americana had breached its contract with Marion and that individual liability should be imposed on respondents who were the officers, directors, shareholders, or owners of Americana. Marion alleged that respondents were liable because they had executed personal guaranty agreements in which they had agreed to indemnify the creditors of Americana.[1] Marion's complaint also stated a claim for relief under NRS 78.625.

Respondents moved to dismiss Marion's complaint. Respondents argued, among other things, that the earlier judgment of the district court was *res judicata* and therefore barred Marion's claim. Following a hearing, the district court dismissed the complaint. The district court's order of dismissal did not state the court's reasons.

Marion argues on appeal that the district court erred in dismissing the complaint. Specifically, Marion asserts that the first judgment of the district court was not *res judicata* and therefore did not bar its complaint against respondents.

In Geissel v. Galbraith, 105 Nev. 101, 104, 769 P.2d 1294, 1296 (1989), this court held that "a judgment pursuant to stipulation of the parties does not have a *res judicata* effect." Thus, because the judgment in the previous case was entered pursuant to a stipulation between Marion and Americana, Marion correctly argues that it does not have a *res judicata* effect.

Nevertheless, the district court correctly dismissed Marion's complaint. It is well-settled that guarantors and sureties are exonerated if the creditor alters the obligation of the principal without the consent of the guarantor or surety. Williams v.

---

[1]The agreements provided in part as follows:

> For value received, the undersigned, jointly and severally, do hereby personally indemnify the creditors of Americana Development Group, Inc. as guarantors and as sureties, against any loss or damage the said creditors may suffer as a result of Americana Development Group, Inc. to promptly pay obligations incurred by it in the ordinary course of construction business within the State of Nevada.

> It is further agreed that the undersigned, as sureties, are firmly bound unto Americana Development Group, Inc. for the benefit of the said creditors; and it is further agreed that this Agreement as a guaranty is separate and absolute, and that the undersigned are obligated hereunder as guarantors in addition to their obligation as sureties. No election of remedies is intended and the obligations hereunder are cumulative, joint and several.

Crusader Disc. Corp., 75 Nev. 67, 70-71, 334 P.2d 843, 846 (1959); Howard v. Associated Grocers, 601 P.2d 593, 595 (Ariz. 1979) (discharge of the debtor's obligation to the creditor without consent of the guarantor discharges the obligation of the guarantor).

In this case, the debt has been completely extinguished as between Marion and Americana. The discharge of Americana's obligation to Marion, without the consent of respondents, discharged the obligation of respondents as guarantors and as sureties. We therefore conclude that the district court correctly dismissed Marion's complaint,[2] and we affirm the order of the district court.

---

[2]We further conclude that Marion's complaint failed to state a claim for relief under NRS 78.625. *See* Kellner v. Saye, 331 F.Supp. 846 (D.Nev. 1971).