PREFERRED EQUITIES CORPORATION, APPELLANT, *v.* STATE ENGINEER, STATE OF NEVADA, RESPONDENT.

No. 38037

August 29, 2003                                              75 P.3d 380

*Lionel Sawyer & Collins* and *F. Harvey Whittemore* and *Jeffrey D. Menicucci,* Reno, for Appellant.

*Brian Sandoval,* Attorney General, and *Michael L. Wolz,* Deputy Attorney General, Carson City, for Respondent.

Before ROSE, MAUPIN and GIBBONS, JJ.

## OPINION[1]

*Per Curiam:*

This is an appeal from a district court order denying a petition for judicial review of State Engineer Ruling No. 4499,[2] which rejected appellant Preferred Equities Corporation's (PEC) application to change the diversion point and usage of certain water rights it held in Nye County, Nevada. We affirm the district court's order denying PEC's petition for judicial review. Although the district court improperly ruled that it lacked subject matter jurisdiction to hear PEC's appeal of Ruling No. 4499, we conclude that the district court properly denied relief on mootness grounds.

### FACTUAL AND PROCEDURAL BACKGROUND

This appeal concerns Nevada State Engineer Ruling No. 4499, referred to above, and a prior State Engineer Ruling, No. 4481, both made in connection with the same water rights.

In 1988, PEC filed an application with the Nevada State Engineer to change the diversion point and usage of the water rights in question here. For reasons that are not entirely clear, the State Engineer did not immediately act on that application and, in 1992,

---

[1]We previously disposed of this case in an unpublished order that affirmed the district court's order. Respondent State Engineer then filed a motion to publish the decision as an opinion. Cause appearing, we grant the motion and issue this opinion in place of the prior order that was entered on April 18, 2003.

[2]*See* NRAP 3A(b)(1).

commenced separate forfeiture proceedings on the same water rights. In Ruling No. 4481, dated December 20, 1996, the State Engineer concluded that PEC did not utilize the subject water rights for a period exceeding five years, and thus, he declared the rights in forfeit. PEC chose not to appeal this ruling. Thereafter, on February 25, 1997, the State Engineer issued Ruling No. 4499, denying the 1988 application to change the point of diversion and the usage of the rights that were declared forfeited in Ruling No. 4481.

In May of 1997, PEC filed a petition for judicial review of Ruling No. 4499 in the district court. The State Engineer moved to dismiss the petition with respect to Ruling No. 4499.[3] In his motion, the State Engineer argued that PEC's failure to appeal Ruling No. 4481 within thirty days[4] rendered that ruling final and that, accordingly, PEC's appeal of Ruling No. 4499 was an impermissible attempt to review the finally adjudicated forfeiture stemming from Ruling No. 4481. The State Engineer also argued that the denial of PEC's application to change the point of diversion and usage was correct on substantive grounds because PEC failed to make beneficial use of the water rights during the prescriptive time period. The district court agreed with the State Engineer and dismissed PEC's petition in connection with Ruling No. 4499. PEC appeals.

## DISCUSSION

The State Engineer's Ruling No. 4481 became final thirty days after it was rendered, and PEC elected not to appeal that determination.[5] PEC does not contest the finality of Ruling No. 4481, or that it failed to make beneficial use of its water for a period of at least five years. Instead, PEC seeks an independent review of the diversion and usage decision, claiming on statutory and equitable grounds that the diversion and usage application tolled the running of the five-year divestiture time period.

---

[3]NRCP 12(b) states, in relevant part:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter . . . .

[4]*See* NRS 534.090(1).

[5]NRS 533.450(1) states, in relevant part:

Any person feeling himself aggrieved by any order or decision of the state engineer, . . . when such order or decision relates to the administration of determined rights or is made pursuant to NRS 533.270 to 533.445, inclusive, may have the same reviewed by a proceeding for that purpose, insofar as may be in the nature of an appeal . . . . Such order or decision of the state engineer shall be and remain in full force and effect unless proceedings to review the same are commenced in the proper court within 30 days following the rendition of the order or decision in question and notice thereof is given to the state engineer as provided in subsection 3.

*Mootness*

The State Engineer contends that PEC is barred from bringing the petition in connection with Ruling No. 4499.[6] We agree.

To explain, under NRS 534.090(1), PEC's water rights reverted to the public once the State Engineer determined them forfeited in 1996, and the forfeiture became final upon PEC's failure to appeal that ruling within thirty days.[7] This reversion became final during the intervening period between PEC's application to change the diversion point of its water rights in 1988 and the final determination denying that application in 1997. Thus, after Ruling No. 4481 became final, PEC's application to change the diversion point no longer dealt with a water right that it owned. Consequently, PEC's application became moot,[8] and the district court properly denied the application to modify finally forfeited water rights.

*The claim of tolling under NRS 533.040(2)*

PEC argues that an application to change the place and manner of use of water rights tolled the forfeiture period by implication under NRS 533.040(2):

> If at any time it is impracticable to use water beneficially or economically at the place to which it is appurtenant, the right may be severed from the place of use and be simultaneously transferred and become appurtenant to another place of use, in the manner provided in this chapter, without losing priority of right.

PEC contends that, if it could not make beneficial use of the water in one location, it would be wasteful to require continuing use of the water while awaiting a decision of the State Engineer. While PEC's argument is compelling, it does not overcome the

---

[6]*See LaForge v. State, University System,* 116 Nev. 415, 997 P.2d 130 (2000) (discussing issue preclusion).

[7]NRS 534.090(1) states, in relevant part:

> Upon the forfeiture of a right to the use of ground water, the water reverts to the public and is available for further appropriation, subject to existing rights. If, upon notice by registered or certified mail to the owner of record whose right has been declared forfeited, the owner of record fails to appeal the ruling in the manner provided for in NRS 533.450, and within the time provided for therein, the forfeiture becomes final.

[8]*Applebaum v. Applebaum,* 97 Nev. 11, 12, 621 P.2d 1110, 1110 (1981) (citing Nev. Const. art. 6, § 4; *Boulet v. City of Las Vegas,* 96 Nev. 611, 614 P.2d 8 (1980)); *State v. Teeter,* 65 Nev. 584, 653-54, 200 P.2d 657, 691 (1948) (McKnight, D. J., dissenting) (collecting cases); *Pac. L. Co. v. Mason Val. M. Co.,* 39 Nev. 105, 111, 153 P. 431, 433 (1915) ("Cases presenting real controversies at the time of their institution may become moot by the happening of subsequent events."); *see also NCAA v. University of Nevada,* 97 Nev. 56, 57, 624 P.2d 10, 11 (1981).

overriding public policy that any failure of beneficial use for five years results in forfeiture and does not address the failure to appeal Ruling No. 4481 within the thirty-day window.

PEC does not contend that it made beneficial use of its water; that was the reason why it applied to change the diversion point of its rights. However, if PEC could not make use of its water, the proper process was to request an extension under NRS 534.090(2),[9] or to file a timely appeal after issuance of Ruling No. 4481, arguing that the application tolled the forfeiture proceedings. We therefore reject PEC's interpretation of NRS 533.040(2).

### Equitable relief

PEC requests that this court grant it equitable relief from the forfeiture. However, PEC's reliance on cases in which we granted such relief is misplaced.

As previously noted, NRS 533.450(1) allows a person aggrieved by a decision or order of the State Engineer to appeal within thirty days "following the rendition of the order or decision in question." This court strictly construes statutes dealing with mandatory filing dates in water rights actions,[10] and "[i]t is . . . settled in this state that the water law and all proceedings thereunder are special in character, and the provisions of such law not only lay down the method of procedure but strictly limit[ ] [the method] to that provided."[11]

---

[9]NRS 534.090(2) states, in relevant part:

> The state engineer may, upon the request of the holder of any right described in subsection 1, extend the time necessary to work a forfeiture under that subsection if the request is made before the expiration of the time necessary to work a forfeiture. The state engineer may grant, upon request and for good cause shown, any number of extensions, but a single extension must not exceed 1 year. In determining whether to grant or deny a request, the state engineer shall, among other reasons, consider:
>     (a) Whether the holder has shown good cause for his failure to use all or any part of the water beneficially for the purpose for which his right is acquired or claimed . . . .

[10]*Bailey v. State of Nevada,* 95 Nev. 378, 594 P.2d 734 (1979) (stating that the water rights holder had no notice of cancellation; equitable relief granted); *G. & M. Properties v. District Court,* 95 Nev. 301, 594 P.2d 714 (1979). *Cf. Engelmann v. Westergard,* 98 Nev. 348, 351-53, 647 P.2d 385, 388-89 (1982) (holding that the district court had equitable power to consider appeal; question of whether diligent protection of water rights occurred was properly before district court when water rights holder had no notice of cancellation); *State Engineer v. American Nat'l Ins. Co.,* 88 Nev. 424, 498 P.2d 1329 (1972) (holding that the district court properly granted equitable relief notwithstanding right holder's failure to file timely proof of beneficial use).

[11]*Application of Filippini,* 66 Nev. 17, 27, 202 P.2d 535, 540 (1949); *see also Ruddell v. District Court,* 54 Nev. 363, 367, 17 P.2d 693, 693-96 (1933) (purpose of water rights law is to "have the water rights adjudicated . . . in such a proceeding as to terminate for all time litigation between all such water users").

This case is dissimilar from the few water rights cases in which this court has granted equitable relief from the termination of water rights, notwithstanding the failure of a water rights holder to timely file an appeal from the State Engineer's termination decision.[12] In those cases, the water rights holders were able to demonstrate beneficial use of their rights within the prescriptive period.[13] Because PEC has conceded lack of beneficial use for a period in excess of five years, these cases provide no support for appellant's request for equitable relief.

Appellant relies upon *Town of Eureka v. State Engineer,*[14] for the proposition that forfeiture does not occur automatically at the end of five years, because a water rights holder may ''cure'' the forfeiture by putting his water to use before the beginning of forfeiture proceedings. PEC implies that its application to change the diversion point of its water is similar to the use of water prior to the initiation of forfeiture proceedings, which would cure the forfeiture. We disagree. The preeminent public policy concern in Nevada regarding water rights is beneficial use.[15] Appellant did not make beneficial use of its water while it held its rights. The legislature has recognized that water is a limited resource in Nevada and it belongs to the public;[16] therefore, one who does not put it to a beneficial use should not be allowed to hold it hostage. Because PEC did not use its rights, we will not grant it equitable relief.

## CONCLUSION

We conclude that the district court properly refused to hear PEC's petition for judicial review of Ruling No. 4499 because the basis of that petition was rendered moot by virtue of the prior final forfeiture ruling in No. 4481. Additionally, we reject PEC's tolling claim under NRS 533.040(2). Finally, we decline to grant PEC equitable relief because (1) we have restricted such relief in such matters to parties who have made beneficial use of their water rights;

[12]*See Bailey,* 95 Nev. 378, 594 P.2d 734; *American Nat'l Ins. Co.,* 88 Nev. 424, 498 P.2d 1329.

[13]*Bailey,* 95 Nev. at 383, 594 P.2d at 737 (holding that judicial review not precluded and equitable relief granted where the rights holder substantially complied with water law but had no knowledge of water rights cancellation until after expiration of thirty-day appeal period); *Amer. Nat'l Ins. Co.,* 88 Nev. at 425-26, 498 P.2d at 1330 (stating that failure to file proof of beneficial use when rights holder made substantial use of water did not preclude equitable relief from rights cancellation); *cf. Engelmann,* 98 Nev. 348, 647 P.2d 385 (remanding for district court determination whether appellant exercised diligence in protecting water rights).

[14]108 Nev. 163, 826 P.2d 948 (1992).

[15]*Desert Irrigation, Ltd. v. State of Nevada,* 113 Nev. 1049, 1059, 944 P.2d 835, 842 (1997); *see also* NRS 533.035.

[16]*See* NRS 533.025.

and (2) we have consistently held that statutes concerning Nevada water rights will be strictly construed.[17] Accordingly, we affirm the district court's order denying PEC's petition for judicial review.

---

[17]We have carefully considered the parties' other arguments and conclude that they are without merit in light of our holding that PEC's application to change the diversion point of its water rights was moot.