# IN THE SUPREME COURT OF THE STATE OF NEVADA

ANN L. GRALNICK,
Appellant,
vs.
SUSAN ROWE-GRALNICK,
REPRESENTATIVE FOR THE ESTATE
OF ALAN GRALNICK,
Respondent.

No. 67928

FILED

MAY 1 2 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a post-divorce decree order concerning distribution of life insurance proceeds following a remand from this court. Eighth Judicial District Court, Family Court Division, Clark County; Robert Teuton, Judge.

Appellant Ann Gralnick and her former husband Alan Gralnick were married for 33 years and had three children together. During their marriage, they created the Gralnick Family Trust and Alan procured a life insurance policy with a face amount of $466,000, listing the beneficiary as "Ann Gralnick, Trustee, or her successor or successors, under the Gralnick Family Trust Agreement dated August 30, 1990." Ann and Alan were divorced in 2007 and Alan remarried respondent. Under the divorce decree, Alan was required to pay Ann $6,500 monthly in spousal support for 84 months and maintain a life insurance policy on his life for the amount of his outstanding spousal support obligation. Instead of obtaining a new life insurance policy, Alan maintained the preexisting life insurance policy. When Alan died in 2011, his outstanding spousal support obligation to Ann was $235,000.

16-15019

The district court awarded Ann the $235,000 she was owed in spousal support, but awarded the remaining life insurance proceeds to respondent. This court reversed the award of the remaining proceeds and remanded the matter to the district court to determine the owner and beneficiary of the life insurance policy considering that the policy listed the beneficiary as "Ann Gralnick, Trustee, or her successor or successors, under the Gralnick Family Trust Agreement dated August 30, 1990." On remand, the district court concluded that the remaining insurance proceeds were Alan's separate property and should be awarded to his estate.

As a threshold matter, we conclude that the district court did not violate the law of the case doctrine when it concluded that NRS 687B.260 and *Aetna Life Insurance Co. v. Hussey*, 595 N.E.2d 942 (Ohio 1992) were inapplicable to give Ann a right to the proceeds. This court did not specifically provide that they were applicable, but instead directed the court to consider the effect of NRS 687B.260 on remand and cited to *Aetna* for support. *See Office of State Eng'r v. Curtis Park Manor Water Users Ass'n*, 101 Nev. 30, 32, 692 P.2d 495, 497 (1985) (providing that "[t]he doctrine of the law of the case provides that where an appellate court states a principle of law in deciding a case, that rule becomes the law of the case, and is controlling both in the lower court and on subsequent appeals, as long as the facts are substantially the same"). Thus, Ann's argument in this regard is without merit.

Nevertheless, we conclude that the district court abused its discretion in concluding that the remaining insurance proceeds belonged to Alan's estate under what appears to be an equitable lien theory. *See*

*Am. Sterling Bank v. Johnny Mgmt. LV, Inc.*, 126 Nev. 423, 428, 245 P.3d 535, 538 (2010) (providing that this court will review a district court's grant of an equitable remedy for an abuse of discretion). The life insurance policy named the Family Trust as the beneficiary. While Ann and Alan agreed that the life insurance policy at issue would be substituted for the insurance policy that Alan was required to maintain under the divorce decree to ensure Ann received her spousal support after Alan's death, there is not clear evidence that Alan intended the remaining life insurance proceeds to go to his estate instead of the Family Trust. *See Commercial Credit Corp. v. Matthews*, 77 Nev. 377, 386, 365 P.2d 303, 307 (1961) (requiring clear intention to create an equitable lien). Thus, the district court abused its discretion to the extent it concluded that Alan's estate had an equitable lien over the remaining proceeds and we reverse the district court's decision. *Am. Sterling Bank*, 126 Nev. at 428, 245 P.3d at 538.

Therefore, the remaining proceeds must be distributed in accordance with the Family Trust's distribution provisions. *See* NRS 687B.260(1) (providing that the lawful beneficiary of a life insurance policy is entitled to the proceeds from that policy and "avails against the creditors and representatives of the insured"). Generally, after divorce, trust provisions take effect as if the spouse had predeceased the settlor of the trust, and thus, Ann is not entitled to the remaining proceeds. *See* NRS 163.565 (providing that the divorce of a settlor of a revocable inter vivos trust "revokes every devise, beneficial interest or designation to serve as trustee given by the settlor to the former spouse" unless

otherwise ordered by the district court); Cal. Prob. Code § 5600(c) (West 2002). Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:     Hon. Robert Teuton, District Judge, Family Court Division
        Moran Brandon Bendavid Moran
        The Abrams & Mayo Law Firm
        Eighth District Court Clerk