# IN THE SUPREME COURT OF THE STATE OF NEVADA

MOUNTAIN FALLS ACQUISITION
CORPORATION, A NEBRASKA
CORPORATION,
Appellant,
vs.
THE STATE OF NEVADA; AND JASON
KING, IN HIS CAPACITY AS STATE
ENGINEER OF NEVADA,
Respondents.

No. 74130



FILED

MAY 2 9 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for judicial review. Fifth Judicial District Court, Nye County; Robert W. Lane, Judge.

Mountain Falls Acquisition Corporation ("MFAC") obtained certain water rights in Nye County, Nevada. Pumpage inventories conducted in the Pahrump Valley between 2005 to 2011 showed that MFAC was not using the water, and in July 2012 the State Engineer sent MFAC a notification that NRS 534.090[1] required MFAC to either put the water to beneficial use or seek an extension of time. MFAC submitted applications for an extension of time in June 2013 and again in June 2014, both of which the State Engineer granted. However, the State Engineer denied MFAC's

---

[1]We apply the version of the statute in effect at the time of the State Engineer's decision. 2011 Nev. Stat., ch. 265, § 2, at 1384-85.

19-23366

June 2015 application for an extension of time, concluding MFAC failed to show good cause for the extension.[2] Because MFAC failed to put the water to beneficial use for more than five years, the State Engineer ruled that MFAC had forfeited its permit pursuant to NRS 534.090.

MFAC petitioned for judicial review. The district court held a hearing on the petition for judicial review, during which MFAC admitted that the economy remained "the driving force" behind its inaction, and that MFAC was waiting for the market to improve. The district court ultimately denied the petition for judicial review, and this appeal followed.

## I.

On appeal, the parties dispute whether the State Engineer properly applied NRS 534.090 in reaching its decision and whether that decision is supported by substantial evidence. They further dispute whether the procedure here violated MFAC's constitutional due process rights. We conclude that the State Engineer properly applied NRS 534.090, substantial evidence supports its decision, and MFAC's due process rights were not violated.[3]

We review a challenge to the State Engineer's order for an abuse of discretion. *Office of State Eng'r v. Curtis Park Manor Water Users Ass'n*, 101 Nev. 30, 32, 692 P.2d 495, 497 (1985). "A district court is not free to substitute its judgment for that of the Engineer in granting and

---

[2]All three of MFAC's applications presented substantially the same facts, and asserted that MFAC was working with various entities to put the water to beneficial use. None of the applications showed that MFAC had any definite plans to beneficially use the water.

[3]In light of our decision, we decline to address MFAC's arguments regarding the anti-speculation doctrine and the district court's power to grant equitable relief.

extending permanent water rights." *Id.* Similarly, we must "review the evidence upon which the Engineer based his decision and ascertain whether that evidence supports the order." *Id.* We will not set aside factual findings unless they are not supported by substantial evidence or are clearly erroneous. *Jackson v. Groenendyke*, 132 Nev. 296, 300, 369 P.3d 362, 365 (2016). "Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotations omitted).

## II.

We first address MFAC's contention that the State Engineer failed to properly apply NRS 534.090 and that the State Engineer's findings under NRS 534.090(2) were arbitrary and capricious.

Water in Nevada is a scarce resource, one that by statute belongs to the public. NRS 533.025; *Bacher v. Office of State Eng'r*, 122 Nev. 1110, 1116, 146 P.3d 793, 797 (2006). A party may appropriate water, but only insofar as is necessary for beneficial use. *Id.*; *see also* NRS 533.045 ("no person shall be permitted to divert or use the waters of this State except at such times as the water is required for a beneficial purpose."); NRS 534.020 (to prevent waste, underground water may only be appropriated for beneficial use). "Beneficial use shall be the basis, the measure and the limit of the right to the use of the water." NRS 533.035. When the need for water ends, so does the right to use the water. NRS 533.045.

The failure to put the water to beneficial use for five successive years "works a forfeiture" of any right to appropriate water. NRS 534.090(1). Once data shows that the water rights holder has failed to use the water for at least four consecutive years, the State Engineer must notify

the water rights holder that he or she must either put the water to beneficial use within one year to avoid forfeiture, or request an extension of time. *Id.* But, upon the water rights holder's request, State Engineer may grant a one-year extension[4] if the water rights holder demonstrates good cause. NRS 534.090(2).

We conclude the State Engineer complied with the statutory requirements here. The State Engineer's 2012 letter to MFAC and its subsequent letters granting extensions warned MFAC of the requirement to put the water to beneficial use and notified MFAC of the option to seek an extension of time. NRS 534.090 does not require the State Engineer to provide additional notice prior to an adverse decision or to hold an evidentiary hearing before declaring forfeiture. Instead, NRS 534.090 clearly places the burden on the water rights holder to prove to the State Engineer that the water is being put to beneficial use or that good cause exists for an extension. *See* NRS 534.090(2)(a) (stating that the Engineer shall consider whether the water rights holder has demonstrated good cause for an extension). NRS 534.090 also makes clear that failure to beneficially use the water works a forfeiture, unless the State Engineer in its discretion decides good cause exists for an extension. NRS 534.090 neither requires the State Engineer to grant an extension nor to weigh all the NRS 534.090(2) factors in every case. Moreover, while economic conditions and good cause for failing to use the water are two considerations that "may" support an extension, neither factor is determinative. *See* NRS 534.090(2).

We further conclude the record supports that MFAC failed to show good cause for an extension and forfeited the water rights. Data

---

[4]The State Engineer may grant multiple extensions, but no extension may exceed one year. NRS 534.090(2).

collected in the Pahrump Valley indicated that by 2011 MFAC failed to use the water for at least four consecutive years, and at oral argument MFAC conceded they had failed to use the water for seven years prior to receiving the 2012 notice of the pending forfeiture. MFAC admitted below, and does not contest on appeal, that it does not know when it will be able to resume beneficial use. As set forth above, MFAC had the burden to show that the water was put to beneficial use or to prove good cause for a third extension. Yet all three of MFAC's requests for an extension were predicated on substantially the same facts, which demonstrated the lack of any actual agreement to put the water to beneficial use, and suggested MFAC had failed to make any appreciable progress toward putting the water to beneficial use during the years in which it had extensions. We therefore conclude the State Engineer's decision is supported by substantial evidence.[5]

### III.

We next address MFAC's contention that the procedure afforded here violated MFAC's constitutional procedural due process rights because it was entitled to an evidentiary hearing prior to forfeiture.

We previously ruled in *Town of Eureka* that NRS 534.090 is constitutional, and we see no reason to deviate from that holding here. *See* 108 Nev. 163,165, 826 P.2d 948, 949 (1992). Although due process of law requires both notice and the opportunity to be heard, *Callie v. Bowling*, 123 Nev. 181, 183, 160 P.3d 878, 879 (2007), and water rights are a distinct "stick" in the bundle of property rights, *Adaven Mgm't. Inc. v. Mountain*

---

[5]In light of this decision, we need not address MFAC's arguments that the district court utilized the wrong standard or erred by failing to consider MFAC's supplemental evidence.

*Falls Acquisition. Corp.*, 124 Nev. 770, 774, 191 P.3d 1189, 1192 (2008), due process is ultimately a flexible concept that considers time, place, and circumstances in determining what protections are required in the particular situation. *Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976) (considering the private interest involved, the risk of erroneous deprivation, and the government's interest). Importantly, a water right does not create an ownership interest in the water—it only gives the water rights holder the right to use lawfully-appropriated water. *See Bacher*, 122 Nev. at 1116, 146 P.3d at 797 (recognizing water is a "precious and increasingly scarce resource", and addressing statutes governing the appropriation of water); *Application of Filippini*, 66 Nev. 17, 21-22, 202 P.2d 535, 537 (1949) (holding that a water right does not grant the owner "a property in the water as such . . . but a right gained to use the water beneficially which will be regarded and protected as real property."); *Bergman v. Kearney*, 241 F. 884, 893 (D. Nev. 1917) ("Water is not capable of permanent private ownership; it is the use of water which the state permits the individual to appropriate. The water itself, so the statute declares, belongs to the public."). Water law seeks to balance a water rights holder's property rights with the State's police power to regulate water rights, and the State may therefore prescribe how water may be used. *Town of Eureka*, 108 Nev. at 167, 826 P.2d at 950. Pursuant to NRS 534.090, nonuse works a forfeiture, and forfeiture is by definition an involuntary loss of the right occasioned by "the failure of the appropriator or owner to do or perform some act required by the statute."[6]

---

[6]We have also previously recognized that the State Engineer has no affirmative duty to seek information before acting on expired water rights. *See Dep't of Conservation and Nat. Res. v. Foley*, 121 Nev. 77, 81, 109 P.3d 760, 762-63 (2005) (concluding that water rights holders are responsible for

SUPREME COURT
OF
NEVAOA

(O) 1947A

6

*In re Manse Spring and Its Tributaries*, 60 Nev. 280, 187, 108 P.2d 311, 315 (1940). Critically, too, we have already determined that because beneficial use is the preeminent policy in water law, a water rights holder who is not beneficially using the water may not hold it hostage. *Preferred Equities Corp. v. State Eng'r..*, 119 Nev. 384, 389, 75 P.3d 380, 383 (2003).

Here, MFAC's nonuse of the water worked a forfeiture of its right to use that water. The record demonstrates that the State Engineer's correspondence gave MFAC notice of the pending forfeiture if MFAC did not meet its burden under the statute, and that the State Engineer invited MFAC to submit evidence in support of its position. MFAC failed to show it had any definite plans to beneficially use the water, and the law does not allow water rights permit holders to hold onto the water rights for an indefinite time until the economy improves. Therefore, the process afforded here did not violate MFAC's due process rights.

---

filing a report of conveyance with the Nevada Department of Conservation and Natural Resources when transferring water rights, and that the State Engineer was not required to seek information from the county records before canceling a water permit for nonuse).

 

## IV.

We conclude the State Engineer did not abuse its discretion by denying MFAC's application for a third extension, and that MFAC fails to show a due process violation here. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.        _____, J.
Pickering                                            Hardesty

_____, J.        _____, J.
Parraguirre                                         Stiglich

_____, J.        _____, J.
Cadish                                                Silver

cc:    Hon. Robert W. Lane, District Judge
      David Wasick, Settlement Judge
      Holley, Driggs, Walch, Fine, Puzey, Stein, Thompson/Las Vegas
      Attorney General/Carson City
      Nye County Clerk