IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC, A NEVADA LIMITED LIABILITY COMPANY,<br>Appellant,<br>vs.<br>BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP,<br>Respondent. | No. 78736<br><br>**FILED**<br><br>SEP 18 2020<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY S. Young<br>DEPUTY CLERK |

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.[1]

In respondent Bank of America's previous appeal, we held that appellant SFR Investments "took title to the property subject to Bank of America's deed of trust" in light of Miles Bauer's superpriority tender. *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, Docket No. 70060 (Order of Reversal and Remand, Nov. 16, 2018). Consequently, the district court on remand correctly determined that SFR Investments' new tender-related arguments were barred by the law-of-the-case doctrine.[2] *See Estate of Adams By & Through Adams v. Fallini*, 132 Nev. 814, 818, 386 P.3d 621,

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]We are not persuaded by SFR Investments' suggestion that the district court was precluded from applying the law-of-the-case doctrine simply because it allowed supplemental briefing on remand.

20-34503

624 (2016) (reviewing de novo the applicability of the law-of-the-case doctrine); *Geissel v. Galbraith*, 105 Nev. 101, 103-04, 769 P.2d 1294, 1296 (1989) ("Under the doctrine of the law of the case, where an appellate court states a principal or rule of law in deciding a case, that rule becomes the law of the case and is controlling both in the lower courts and on subsequent appeals, so long as the facts remain substantially the same. Thus, if a judgment is reversed on appeal, the court to which the cause is remanded can only take such proceedings as conform to the appellate court's judgment."). Although SFR Investments contends that the law-of-the-case doctrine is inapplicable because this court has yet to address its new tender-related arguments, "[t]he doctrine of the law of the case cannot be avoided by a more detailed and precisely focused argument subsequently made after reflection upon the previous proceedings." *Hall v. State*, 91 Nev. 314, 316, 535 P.2d 797, 799 (1975). We therefore

ORDER the judgment of the district court AFFIRMED.

_____ , J.
Parraguirre

_____ , J.
Hardesty

_____ , J.
Cadish

cc:    Hon. Trevor L. Atkin, District Judge
Eleissa C. Lavelle, Settlement Judge
Kim Gilbert Ebron
Akerman LLP/Las Vegas
Eighth District Court Clerk